195 So.2d 876 (1967)
James BULLARD, Appellant,
v.
Ruth BULLARD, Appellee.
No. 7120.
District Court of Appeal of Florida. Second District.
March 3, 1967.
*877 John J. Duffy, Clearwater, for appellant.
No appearance for appellee.
WINGFIELD, ROBT. H., Associate Judge.
The appellant, James Bullard, was the plaintiff below before the chancellor. Jame Bullard and Ruth Bullard were husband and wife living in a marital home consisting of a small house on lands owned by them as tenants by the entireties. The assessed full cash value was Three Thousand Three Hundred Eighty Dollars ($3,380.00). Living with them was then ten year old son. There was marital discord and the defendant wife, Ruth Bullard, moved out of the marital home. Later, the defendant wife reappeared at the home, uninvited and unannounced. She made an unprovoked assault on the plaintiff husband by shooting him with a pistol which resulted in his total permanent disability. Prior to said shooting, plaintiff was gainfully and continuously employed by one employer for twenty-two consecutive years.
The defendant wife was prosecuted in the criminal court and was convicted and confined on the charge of aggravated assault.
The defendant has resided in Hallandale, Florida, since her release from prison and is able-bodied and gainfully employed.
The plaintiff husband brought suit for divorce, praying for permanent custody of the child and for an award of the wife's equity and title of the marital home (held as a tenancy by the entireties). The able chancellor awarded a divorce to the plaintiff, James Bullard, awarded custody to him of their child, and awarded use and occupancy of the marital home for so long as the marital home was occupied as a home by the father and son, and until the son reached his majority or became self-supporting.
The learned chancellor supplemented his decree by a memorandum opinion stating in substance that he had no choice ("lacked the power") but to determine the title to the marital home passed, upon divorce, to the parties as tenants in common.
*878 The plaintiff husband brings this appeal.
This matter comes on for consideration on appeal on an order of "Finding of Facts" in lieu of a transcript of testimony.
The following appears on page 2, Brief of Appellant (in this court):
"At the final hearing conducted before the Circuit Court, where both parties appeared with counsel, plaintiff testified in support of the foregoing allegations and his further testimony that defendant departed the marital home, taking $8,000.00 in savings accumulated by the earnings of both parties, was uncontradicted (TT. 33, 35)." (Emphasis supplied)
In a "Memorandum of Law" filed before the chancellor, by counsel for the plaintiff husband, appears the following:
"Plaintiff has no savings and relies upon Social Security for his only source of income. His only property interest is his share of the marital home. Plaintiff testified that Defendant had Eight Thousand Dollars ($8,000.00) in a savings account at the time of their separation."
The "$8,000.00 in savings account accumulated by both parties" (which the defendant wife took) was presented by appellant's counsel in the oral argument before this court. The order of "Finding of Facts" (filed in lieu of testimony) does not mention this $8,000.00 matter.
At the outset we run head-on with F.S. Sec. 689.15, F.S.A. entitled "Estate by Survivorship" and the last phrase of which provides "and in the case of estates by entirety, the tenants, upon divorce, shall become tenants in common."
In the face of this statute our Appellate Courts have many times considered the "special equities" and "the special circumstances" of the case when considering tenancies by the entireties owned by parties in divorce litigation. Cases cited under § 689.15 F.S.A.[1]
In Latta v. Latta, 121 So.2d 42 (1960) the Appellate Court, Third District, observed:
"The second financial matter which a chancellor may be called upon to settle in a divorce case, where the support of children is not involved, is the special interest of one of the parties in property held by either or both of them. * * * If the interest of the party is equitable and the interest is properly pleaded and proved, the chancellor may declare the equity involved and determine its extent and nature." (Emphasis supplied)
In this same case upon a remand of the case, the Appellate Court observed:
"Section 689.15 Fla. Stat., F.S.A., provides that in every case where husband and wife own property as an estate by the entirety, they shall upon the granting of a decree of divorce become tenants in common in absence of a specific provision in decree to the contrary. Therefore, in every case where one party does not have an equitable interest in the property held as an estate by the entirety over and beyond that party's legal interest, the parties become tenants in common upon the granting of the divorce. The portion of the amended final decree which required the wife to convey her share in the home which was formerly held as an estate by the entirety must be set aside, and upon remand of this cause, the chancellor will determine whether or not either party has an equitable interest in the home which must be protected. In event he finds no such equitable interest the parties will become tenants in common as provided by the statute." (Emphasis supplied)
In Brown v. Brown (1960), 123 So.2d 298, at page 300, the appellate court said,
"Where a husband and wife own property as an estate by the entireties, the granting of a divorce results in making them tenants in common. However, the *879 chancellor should not go further, in the absence of special circumstances, and order that one of the parties transfer their property interest to the other party." (Emphasis supplied)
See also Bergh v. Bergh, (Fla.App., 1961) 127 So.2d 481, at page 487, where upper court held,
"In the absence of special equities, an estate by the entireties held by a husband and wife in property acquired by them during marriage is automatically converted into a tenancy in common upon the entry of a decree of divorce. * * * In the absence of special circumstances a chancellor is without authority to order that one of the parties transfer his or her property interest to the other." (Emphasis supplied)
We are cognizant that appellant cannot sue appellee in tort. Corren v. Corren, 47 So.2d 774 (Fla. 1950). If appellant is entitled to any relief it must come from equity.
While the primary duty to support the child rests on the father, the basic duty to support a child, all other things being equal, is coextensive between parents, 24 Fla.Juris., Parent and child, Sec. 10.
We think the scarcity of adjudicated cases concerning the equities in an estate by the entireties by the divorced husband is because alimony is not allowed to a husband in Florida, and because of the husband's primary duty to support the children. We reaffirm that the chancellor has the power to consider and do complete justice where the facts so indicate.
We remand this case back to the chancellor to re-examine all evidence, to determine whether the $8,000.00 "accumulated by both parties" is relevant, or take new evidence, as the reviewed factual situation may require.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
ALLEN, C.J., and LILES, J., concur.
NOTES
[1] Note No. 14.