MILLS, Judge.
This is an appeal from a final judgment in a dissolution of marriage action. The wife contends that the trial court erred (1) in failing to award her adequate alimony, a reasonable share of the marital assets, and adequate child support, and (2) in failing to award her a special equity in the proceeds of the sale of Southern Outdoor Advertising, Inc.
The final judgment provides that:
1. the husband pay the wife $600.00 a month permanent alimony,
2. the wife have exclusive occupancy of the former marital home,
3. the husband pay the monthly mortgage payment on the home,
4. the wife have the household furnishings,
5. the wife have an automobile,
6. the husband pay child support of $400.00 a month for each of the two minor children,
7. the husband pay all medical and dental expenses that exceed $25.00 a month, and
8. the husband maintain a trust for the children which requires a payment of $400.-00 a month per child.
It would serve no useful purpose to recite the lengthy and conflicting evidence presented to the court. Suffice it to say that alimony and support awards should not be reversed or revised unless they represent an abuse of discretion or are unsupported by substantial competent evidence. West v. West, 260 So.2d 541 (Fla.App. 1st, 1972). Nor can we substitute our judgment for that of the trial court. We find no abuse of discretion, and the record reflects substantial competent evidence to support the awards.
The husband owned all of the common stock of Southern Outdoor Advertising, Inc. He, joined by the wife, entered into a contract to sell Southern to Norfolk Broadcasting Corporation. The contract contains various representations, warranties, and indemnification agreements on the part of the husband and the wife to Norfolk. As provided by the contract, two form promissory notes were attached which were payable to the husband and wife. However, the wife’s name was scratched through by the husband and initialed by him. Subsequently, the sale was closed and the notes were made payable to the husband alone. The wife did not know that her name had been deleted from the form notes attached to the contract nor did she know that the original notes were payable to the husband only until the dissolution of marriage action was filed.
By her answer, the wife sought a special equity only in the sale proceeds. At the trial, the wife sought to establish a gift by the husband to her, and fraud'by the husband which raised a constructive trust. After the trial, the wife filed a motion to conform the pleadings to the evidence. The record fails to show that the court ruled on this motion.
The judgment entered by the court denied the wife a special equity in the proceeds, and the evidence disclosed by the record supports this finding.
Not only did the wife fail to plead facts to support the theory of gift or a constructive trust, but she also failed to obtain the ruling of the court on her motion to conform her answer to the evidence.
Nevertheless, the evidence does not support a gift of the proceeds to the wife, because neither title to the stock nor title to the proceeds ever vested in the wife.
In addition, the evidence discloses that the wife failed to prove beyond a reasonable doubt, by clear and convincing evi *360 dence those factors giving rise to a constructive trust. Harris v. Harris, 260 So.2d 854 (Fla.App. 1st, 1972).
Following the trial, the wife discharged her attorneys and employed other attorneys to take this appeal. The former attorneys appeal the award of an attorneys’ fee to them, contending that the fee was inadequate. We agree.
Under the guidelines set forth in Provus v. Provus, 44 So.2d 656 (Fla.1950), and the evidence presented to the court by the attorneys, the attorneys’ fee awarded the wife’s attorneys was inadequate. Based on the evidence contained in the record, we are of the opinion that a reasonable attorneys’ fee for the wife’s former attorneys should be $12,145.00, and that this sum should be paid by the husband to the wife’s former attorneys after deducting any sum paid by the husband on the fee awarded them by the trial court.
Affirmed in part and reversed in part.
SMITH, J., concurs.
McCORD, Acting C. J., concurs in part and dissents in part.