338 So.2d 86 (1976)
Lydia L. PALMER, Appellant,
v.
Stanford B. PALMER, Jr., Appellee.
No. AA-400.
District Court of Appeal of Florida, First District.
October 13, 1976.
*87 S. Gordon Blalock of Blalock, Holbrook, Lewis, Paul & Issac, Jacksonville, for appellant.
E. Thornton Jackson, Jr., Jacksonville, for appellee.
McCORD, Judge.
This is an appeal from a final judgment of dissolution of marriage. Appellant wife contends that the trial court erred in awarding her only $10 per week alimony and in awarding her only a portion of the homestead property as permanent alimony.
The parties were married for 35 years and raised three children, all now grown. The wife is 57 years old and the husband is approximately the same age. The husband is a welder and has been employed by the same company continuously for the past 22 years. His earnings for 1974 were $16,263.28 and he realized an additional $3,893 from sale of stock. He testified that he had $600 to $700 in the bank and that his interest in a profit-sharing plan with his employer was around $17,500. The husband separated from the wife in 1970 and since 1972 has been living with another woman in Alabama and providing her with support. He has made no contributions to his wife except for a few token amounts.
The wife has been employed at a cigar factory off and on for the past 40 years and earns an average of $78.27 per week. The home property consists of a small frame four-room house sitting on about six acres of land in the suburbs of Jacksonville, Florida. The parties purchased the property in 1963 for $7,000 and the tax assessment valuation for the house and land is $18,300. The wife's testimony is uncontradicted that the house is in a "very bad" state of repair and that she has been given a short period of time by the authorities to repair it or they will bring an action against her. She owns no other property, has no savings and is totally dependent upon her earnings for support. The cigar factory where she works is being automated and she is in danger of losing her job. Out of approximately six acres homestead property of the parties, the trial court carved approximately one acre on which the house stands and awarded the husband's one-half interest in it to the wife as lump sum alimony.
Great weight is accorded to the findings and judgment of the chancellor and alimony awards will not be disturbed unless an abuse of discretion is shown. Dorman v. Dorman, 332 So.2d 358 (Fla. 1 DCA 1976). Here, because of the length of this marriage, the wide disparity between the earning abilities of the parties and the husband's $17,500 interest in the profit-sharing plan with his employer, we consider that an abuse of discretion was shown. The circumstances justify and require that the wife be awarded all rather than part of the home property and that she be awarded at least $20 per week permanent alimony.
Reversed and remanded with directions to modify the final judgment to award the wife the husband's interest in all of the home property and to increase the permanent alimony to at least $20 per week.
RAWLS, Acting C.J., and SMITH, J., concur.