385 So.2d 101 (1980)
Sherye BRADLEY, Appellant,
v.
Harry BRADLEY, Jr., Appellee.
No. 00-302/T1-128.
District Court of Appeal of Florida, Fifth District.
June 4, 1980.
Rehearing Denied July 7, 1980.
*102 Patrick W. Gillen, Jr. of Apgar & Gillen, P.A., Deland, for appellant.
David L. Thomas of Martin, Stanley, May & Thomas, P.A., Deland, for appellee.
BROWNLEE, JACKSON O., Associate Judge.
The question presented to the court is whether or not the trial court erred in denying the wife alimony when her need for it was shown and when the husband had an annuity as a result of his military retirement in the sum of $94,500.00, a large portion of the annuity being earned during the fifteen years of marriage in which the wife was principally the homemaker.
The parties had been married for fifteen years, the husband is forty-one years and the wife is thirty-six, the husband being currently retired from the Coast Guard and now attending school to learn to be a mechanic. The wife has not been employed since the early years of the marriage except for a time just prior to retirement when she became employed in order to help pay for a newly acquired house.
The husband was not employed at the time of trial and in fact was attending school, which had no relationship whatsoever to his plans of attending school to become a mechanic. The husband was receiving an educational allotment of $351.00 per month, plus a retirement pension of $373.00 per month. The wife earned $121.00 per week. Considering the husband's military retirement as an annuity, a financial expert testified that the value of the annuity as an asset was $94,500.00. Including the annuity, the husband had a net worth of one hundred one thousand sixty dollars. The wife had a net worth of three thousand two hundred and sixteen dollars.
Testimony at the time of trial indicated that the wife's future income would not change except for cost of living increases. It would be nice if the wife could go to college or secretarial school or some other educational facility in order to increase her earning capacity; however, her financial situation coupled with two children at home simply does not afford her that luxury. The question then arises whether the husband, because he does have an annuity, should be allowed to make the election of whether or not to go to school and become educated while drawing the annuity, or *103 whether or not he should be placed in the position of having to also enter the work force for purposes of contributing to the needs of his wife of fifteen years.
The court is well aware of the great weight which must be accorded the findings and award of alimony by the trial court. Palmer v. Palmer, 338 So.2d 86 (Fla. 1st DCA 1976); Dorman v. Dorman, 332 So.2d 358 (Fla. 1st DCA 1976), cert. denied 341 So.2d 1081 (Fla. 1976). However, in this case, where the husband is separated from the military service after twenty faithful years, he is rewarded an annuity of equal in value to $94,500.00 against which he may draw for the rest of his life. Whereas the wife, after fifteen years of service to her husband, is awarded two children to continue to look after, plus the husband's interest in the marital residence which this court views as nothing more than a division of the assets of the parties. We think the disparity is too great to be ignored and consider that an abuse of discretion was shown. The test for the award of alimony is still the need of the spouse seeking alimony and the ability of the other spouse to pay, Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976). Earning ability as well as anticipated earning ability may also be considered, Gordon v. Gordon, 335 So.2d 321 (Fla. 4th DCA 1976), cert. denied, 344 So.2d 324 (Fla. 1977); Fried v. Fried, 375 So.2d 46 (Fla. 2d DCA 1979). The circumstances surrounding this case justify and require the award of permanent periodic alimony, in addition to the lump sum alimony previously awarded by the court, in a sum of not less than $150.00 per month.
Reversed and remanded with directions to modify the final judgment to award the wife permanent periodic alimony, in addition to the lump sum alimony previously awarded by the court, in a sum of not less than $150.00 per month.
REVERSED and REMANDED.
SHARP, J., concurs.
CROSS, J., dissents without opinion.