415 So.2d 156 (1982)
John F. BLUNNIE, Appellant,
v.
Mildred J. BLUNNIE, Appellee.
No. 81-1375.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
*157 John R. Harrington of Harrington & Mattel, Fort Lauderdale, for appellant.
Louis J. Weinstein of Reasbeck, Fegers, Hess & Weinstein, Hollywood, for appellee.
DOWNEY, Judge.
This thirteen year childless marriage was dissolved by a final judgment in which the trial court divided the parties' assets and gave the wife possession of the jointly owned marital home (a duplex). The final judgment also divided two lots and a joint bank account (less $2,000 awarded the wife for outstanding bills) between the parties. It denied the wife attorney's fees, apparently because they were not properly proven at trial. Most importantly, the court found that the parties became "joint tenants" in the duplex but that the wife should have exclusive possession thereof "until such time as she remarries, dies or both parties mutually agree to the sale of said duplex, whichever event first occurs." The husband's sole complaint on appeal is the award of possession of the duplex to the wife. We affirm the trial court decision.
The evidence shows that during the marriage the wife's parents, Albert and Eunice Price, agreed with the Blunnies to sell their Vero Beach home, to give the Blunnies ten thousand dollars for the downpayment on the duplex in question, and to reside in the duplex with the Blunnies for the rest of the parents' lives. In accordance with that plan, in 1978 the Prices sold their Vero Beach property and moved into the Blunnies' duplex apartment where they have lived ever since.
At trial the wife contended that she should be awarded a special equity in the duplex because of the arrangement with her parents. The husband contended that the parents' interests were not to be considered in this case in determining his rights vis-a-vis the wife's rights. He argued further that his wife had not shown any entitlement to a special equity in the property. The transcript of the trial reflects that the trial judge felt he could not adjudicate the rights of the parents in the property. However, he ultimately granted the wife exclusive possession of the duplex which could not, from this record, be justified on any other grounds.
*158 Ordinarily, upon dissolution of marriage, property owned by the spouses as tenants by the entireties becomes property owned as tenants in common with all of the rights thereunto appertaining when no determination of any special equities has been made regarding said property and it has not been awarded as lump sum alimony. However, if special circumstances exist or if there is a special interest of one spouse, which should be considered in the overall equitable distribution of the parties' finances, the trial court has the power to make special provisions regarding the property held in common by the parties. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Bullard v. Bullard, 195 So.2d 876 (Fla. 2d DCA 1967). For example, in Duncan, supra, the Supreme Court authorized an award of exclusive possession of jointly owned Alabama property to the husband in order to allow his parents to live there. The rationale utilized by the Duncan court was that the husband had virtually built the home himself on the jointly owned property specifically for his parents. The wife had been given exclusive possession of the jointly owned marital home, and to uproot the husband's parents and partition the property might well put a strain on the husband's ability to support the wife and children. The court was concerned that all of these awards are interdependent and should be resolved in a fair and equitable fashion. Thus, the court reasoned that, although the parties owned the property jointly, the equities of the case justified giving the husband exclusive temporary possession so that his parents could continue living there until the children became adults.
Albeit our situation does not involve the same nuances of support as Duncan, we feel the obligation to the wife's parents, which arises directly out of the ownership of the duplex property, justifies an award of exclusive possession to the wife so that she can honor the parties' agreement to her parents. That right of possession, however, should be limited to the time necessary to meet the obligation of the parties and this would not exceed the lifetime of the parents. Accordingly, we approve the award of possession granted to the wife with the further limitation that it not exceed the lifetime of the parents, in addition to the other limitations placed thereon by the trial judge.
The final judgment also provided that, upon sale of the duplex property, the wife shall be entitled to credit from the proceeds for the sum of the contributions made to the upkeep, maintenance, and repair of the property (exclusive of mortgage payments) to be set off against the rent she receives from the rental of the other half of the duplex. From the remainder, the husband is to receive 50% of the value of the property as of August, 1980, the balance to go to the wife. The court pegged the husband's one-half interest to the August, 1980, date because he ceased paying his one-half of the expenses to carry the property at that time. We believe the trial court should have adjudicated the husband's obligation for one-half of those expenses and ordered the parties to divide the proceeds of the sale of the property when it is sold, less the deductions enumerated including the amount he owed for the share of the expenses from August, 1980, until final judgment.
Accordingly, we affirm the final judgment appealed from in all respects except that we direct the trial court on remand to amend the judgment to include the changes indicated in this opinion.
AFFIRMED AND REMANDED WITH DIRECTIONS TO AMEND.
GLICKSTEIN, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
Although I generally concur in the views expressed in the majority opinion, I cannot agree with the result because I do not believe the trial court intended that result. At the close of the final hearing the trial court announced its ruling:
As to the question of the duplex, as the Court alluded to previously, whatever is decided to do in this particular case as *159 between those two parties, may be subject to a claim in equity as to the petitioner's parents, whose testimony was that they produced ten thousand dollars in return for a place to live for the rest of their lives.
This Court does not deem that as a matter of law to convey a special equity to the wife, as opposed to a potential equity by those parties, and in interest, regardless of who owns the property, and in interest to their remaining there for the balance of their lives.
However, that matter is not before the Court formally at this time, and the Court does not reach that matter.
The uncontroverted testimony is that the funds that went into that duplex, aside from the question of any equity that the petitioner's parents have, came from the joint account, which was alluded to previously by the Court.
It is also uncontroverted that the petitioner, some time in August, based on what's testified to here today, and based upon findings of the General Master, ratified by the Court, without exception taken by respondent.
The time is August of 1980 that the respondent ceases making any contributions in terms of the maintenance of that facility, so this is what we're going to do.
The duplex will be held by the parties as joint tenants, and may be subject to whatever equitable interest that the parties have. The petitioner will have exclusive use and possession of the property, until such time the parties mutually agree to sell it, or until her demise, and at the time of the sale of the property the petitioner will be entitled to, firstly, to whatever contributions that she has made towards the maintenance and upkeep of the premises, as to which there will be set off any net profit made from the rent of the second unit.
Now, whatever net proceeds are left, and again, this Court does not reach the question of what interests the other individual who testified here may have, but those net proceeds will be split as follows: The respondent will get a 
MR. HARRINGTON: Excuse me, Judge. Net proceeds of what?
THE COURT: Whatever sale occurs on this after it's been netted out as I previously indicated.
MR. HARRINGTON: Okay.
THE COURT: Respondent would get fifty percent of the value of the duplex as of August of 1980, which is the time he ceased making any contributions or payments into the maintenance and upkeep of that facility.
The balance will go to the petitioner.
By its ruling I think the trial court simply intended that the wife retain possession until any of the parties, including the wife's parents, sought a partition or determination of the respective interest of the parties in the property. This interpretation of the trial court's ruling would also account for the wife's response to appellant's appeal set out in her brief:
The proper procedure is for the appellant/husband to initiate a separate lawsuit for partition which will be subject to all of the defenses of the appellee/wife and the equitable interest, if any, of the wife's parents.
... .
The final Decree of Dissolution of Marriage rendered by the trial court should be affirmed because although the Final Judgment operated to create a tenancy in common in the subject duplex, the lower court has no jurisdiction to partition the subject property in the absence of pleadings by the appellant/husband praying for partition and in the absence of the agreement of both parties.
The wife has not argued that the trial court's award was based on its concern that the wife's parents have a place to live. Further, if the trial judge had intended that the wife have exclusive possession during her parents' lifetime he would not have provided that her possession continue until her own demise.