425 So.2d 545 (1982)
Cecil GRIMMETT, Appellant,
v.
Bonnie GRIMMETT, Appellee.
No. 81-1833.
District Court of Appeal of Florida, Fourth District.
December 1, 1982.
*546 Bruce E. Friedman, of Sherman & Rayson, Fort Lauderdale, for appellant.
Thomas D. Lardin of Weaver & Weaver, P.A., Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This is an appeal from a final judgment of dissolution which ordered a division of the parties' marital assets 75%  25% in favor of the wife. We reverse.
The wife filed a petition for dissolution in which she alleged that the parties had substantially agreed to an equal division of all assets except for two parcels of jointly owned real estate, the marital residence in Broward County which the wife occupied and the other a small farm in Brooksville, Florida. She sought an award of the marital residence to herself and the farm to her husband with the proviso that should the farm be sold she would receive one-half of the sales price in excess of $50,000.
The facts are not in dispute. The parties were the only witnesses at trial. Their testimony indicated that they had been married for 25 years and had three adult children. Financially they occupied virtually equal positions; both had worked during the entire course of the marriage and had approximately equal earning capacities. The wife also owned a residence that she had recently inherited from her father and in which she was allowing the husband to temporarily reside. The husband claimed no interest in this property. The trial court concluded that because of the equal status of the parties there should be no award for alimony or attorney's fees. However, the court also concluded that because of the wife's contribution to the marriage as a housewife and wage earner, she should receive 75% of the marital assets and the husband 25%.
Under current Florida law the parties to a marriage are entitled to an equitable distribution of the marital assets upon dissolution. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974). In order to determine a proper division of the marital assets trial courts are authorized to consider the nature of the marital partnership arrangement involved and the role played by each partner during the course of the marriage. Ideally, there will be an explicit agreement by the parties as to their respective roles and interest in the accumulated assets. In most instances, however, the nature of the arrangement must be determined by an examination of the actual contribution and role of each partner during the marriage. For example, in Tommaney v. Tommaney, 405 So.2d 454 (Fla. 2d DCA 1981), the Second District affirmed an equitable distribution of marital assets that favored the wife where there was evidence that the wife's "contributions to the marriage were so extraordinary as to entitle her to a special equity in the home." In that case the court noted:
This is not simply a case in which the wife earned more than her husband. See Holbrook v. Holbrook, 383 So.2d 981 (Fla. 4th DCA 1980). Nor is it a case in which the wife contributed her earnings to the purchase of a home and the husband used his to support the family. See Hoch v. Hoch, 380 So.2d 499 (Fla. 2d DCA 1980). Here, not only did Mrs. Tommaney earn the most income while performing the duties of a housewife, she also paid for the home, provided most of the support for the family, and enabled her husband to meet his child support obligations. Hence, the court could find that this is one of the exceptional cases in which a special equity may rest upon an extraordinary contribution to the marriage. While another judge might have felt that *547 Mrs. Tommaney's contributions were not extraordinary enough, we believe there was sufficient evidence in the record to support this judge's determination.
Although there was no express marital agreement in the case at hand, the parties' testimony indicated that they had shared equally in the responsibilities and benefits of the marital relationship. There was no claim by either that the other had benefited more or worked less in the marriage. That being the case, we believe the marital assets should have been distributed in substantially equal shares upon dissolution. Indeed, it appears that this was substantially what the wife was seeking when she requested that she be awarded the marital residence and the husband be awarded the Brooksville property with allowances for any discrepancies in value between the two properties. Upon remand the parties will have another opportunity to propose to the trial court alternative means to accomplish an equitable distribution of the marital assets.
Accordingly, we reverse the final judgment and remand this cause to the trial court for further proceedings in accord herewith.
BERANEK and HURLEY, JJ., concur.