WIGGINTON, Judge.
The wife appeals the final judgment of dissolution awarding her, inter alia, the marital home and a 1977 Chrysler New Yorker as lump sum alimony. The issues presented are whether the trial court erred in failing to award permanent periodic alimony and in failing to retain jurisdiction specifically to award permanent alimony in the future.
The parties to this appeal were married for thirty-five years before they separated on March 6, 1981. Their four children are grown and are no longer dependent upon their parents for support. The husband is fifty-seven years old. The wife is fifty-three years old and has a mild diabetic condition controlled by pills and diet.
At the time of the hearing, the husband was employed by the Naval Air Reworks Facility in Jacksonville, Florida, in a U.S. Civil Service position. His monthly net income as shown on his financial affidavit was $1,554.69. The wife works as a registered nurse for St. Luke’s Hospital, also in Jacksonville. Her financial affidavit reflects a net monthly income of $942.89. The major asset of the parties is the unencumbered marital home valued for tax purposes at approximately $27,000.
From the foregoing, we find no abuse of discretion on the part of the trial court in its failing to award the wife permanent periodic alimony. The wife has a stable job and a home free and clear of any mortgage. Plus, she has not shown such disparity between incomes as demonstrating her need for, and the husband’s ability to pay, permanent alimony. Cf. Palmer v. Palmer, 338 So.2d 86 (Fla. 1st DCA 1976); and O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982).
Nor did the trial court abuse its discretion in failing to reserve jurisdiction to award permanent periodic alimony in the future. Initially, we note that nowhere in the record does it appear that the wife raised this issue before the trial court. In any event, the circumstances of this case do not show that such a reservation was re *378 quired. Although, where there has been no initial award of permanent periodic alimony, a trial court is free to retain jurisdiction expressly for that purpose, Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980), the trial court here did not abuse its discretion in failing to do so. Cf. Hyatt v. Hyatt, 315 So.2d 11 (Fla. 3d DCA 1975) and Nichols v. Nichols, 304 So.2d 497 (Fla. 1st DCA 1974). It was the trial court’s considered opinion, in which we concur, that the award of the marital home and the automobile was equitable under the circumstances.
The final judgment is, in all respects,
AFFIRMED.
BOOTH and NIMMONS, JJ., concur.