436 So.2d 439 (1983)
Richard C. GEISINGER, Appellant,
v.
Mildred K. GEISINGER, Appellee.
No. 82-2009.
District Court of Appeal of Florida, Fourth District.
August 31, 1983.
J. Patrick Dyal of Rogers, Morris & Ziegler, Fort Lauderdale, for appellant.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, and S. Robert Zimmerman, Pompano Beach, for appellee.
DOWNEY, Judge.
This litigation arose out of the marriage relation existing between the parties, who were married for thirty-four years but lived together slightly less than half that time. Two children were born of the union; both are adults, but one remains a dependent child within the meaning of Section 743.07(2), Florida Statutes (1981). During the separation of the parties from 1962 until this suit commenced the husband supported the wife on a very meager basis, sending her $500 to $600 per month. Upon commencement of this suit $1,000 a month temporary alimony was awarded to the wife; that award was later increased to $2,500 per month in addition to her mortgage payment.
The husband was a successful real estate dealer with an estate the trial court found to be valued at not less than three and one-half million dollars. The trial court recognized the wife's need for alimony and the husband's ability to pay. Accordingly, among other things, in the final judgment of dissolution the court awarded the wife the husband's interest in the marital home in Fort Lauderdale, an automobile, and lump sum alimony of $1,000,000 to insure *440 her an equitable distribution of property acquired by the husband during the marriage. Each of the parties was required to pay $400 per month to their dependent daughter and to share equally in paying her medical expenses. Finally, the judgment provided that the $1,000,000 lump sum alimony was to become vested immediately but was payable in annual installments of approximately $98,000, plus interest at 10% (payable monthly) on the balance due.
Upon filing an appeal from the final judgment, the husband sought a stay thereof, which the trial court granted upon the husband's filing a bond in the amount of $1,175,000. The trial court refused to grant a supersedeas of the installments as they became due. A motion was then filed in this court for reduction of said bond without success. Thereafter, no bond was ever posted to supersede the final judgment of dissolution dated January 9, 1981.
When the first installment payment became due, the wife had the installment, together with interest, reduced to a judgment for $170,000. That judgment was also appealed but the husband filed a supersedeas bond, pursuant to Florida Rule of Appellate Procedure 9.310(b), to supersede that judgment.
When the second installment became due, the wife moved the court to hold the husband in contempt for failing to pay the judgment entered for the first annual payment and for failure to pay the second installment. A hearing before a special master resulted in a recommendation that the husband be held in contempt for nonpayment of both installments. From an order overruling exceptions to the master's report and confirming his recommendations and refusing to allow the husband to purge himself by giving the wife a deed to some real property alleged to be worth $200,000 the husband has perfected this appeal.
The three appellate points suggest error was committed in (a) holding the husband in contempt for nonpayment of a superseded judgment, (b) in refusing to allow the husband to purge himself by furnishing a deed to real property, and (c) in finding the husband's failure to pay was willful or that he had voluntarily divested himself of the ability to comply with the final judgment.
While this appeal was pending this court affirmed the final judgment of dissolution and the entry of judgment in favor of the wife for the first annual installment plus interest.
Our study of the briefs and record convinces us that the husband has failed to demonstrate any reversible error. We summarily dispose of the contention that the husband cannot be held in contempt for failure to pay the judgment entered upon the first annual installment of lump sum alimony because it was superseded. We hold that the bond posted by the husband was ineffective to supersede that judgment because the trial court had refused to allow the installment payments of lump sum alimony under the final judgment of dissolution to be superseded as they became due. Therefore, the husband was subject to the contempt power of the court even as to that installment of alimony.
No question is presented by the parties relative to the propriety of resorting to contempt to enforce a judgment for lump sum alimony awarded to assure an equitable distribution of property accumulated during the marriage. Therefore, we will not plumb the various aspects of that problem. However, we note for this record that, although lump sum alimony was resorted to in this case as a vehicle to effect an equitable distribution of property, there is no question that there is inherent in the lump sum award alimony for the support and maintenance for the wife. She clearly had a need and he the ability for payment of alimony.
Accordingly, the judgment appealed from is affirmed in all respects.
BERANEK and HERSEY, JJ., concur.