442 So.2d 354 (1983)
Margaret Suritha GREEN, Appellant,
v.
George H. GREEN, Appellee.
No. AR-46.
District Court of Appeal of Florida, First District.
December 8, 1983.
Leonard E. Ireland, Jr., of Clayton, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellant.
*355 Bobbie Lee Eubank of Charles I. Holden, Jr., P.A., Gainesville, for appellee.
MILLS, Judge.
In this appeal from a final judgment of dissolution of marriage, the wife contends that the trial court erred in refusing to grant her a special equity in the parties' marital home, in refusing to award her a one-half interest in the husband's individual retirement account (IRA), in refusing to award her the husband's interest in the marital home as lump sum alimony, and in failing to reserve jurisdiction to consider a future award of alimony. We affirm.
The wife's claim for a special equity is based on her assertion that certain improvements to the marital home were paid for with money that she inherited from her parents. However, the record does not reflect the amount of the inheritance that was expended, and we therefore cannot apply the formula for determining the amount of special equity set out in Landay v. Landay, 429 So.2d 1197 (Fla. 1983).
There was no error in failing to award one-half interest of the husband's IRA to the wife. Florida is not a community property state, and all marital assets need not be divided equally. The matter of property distribution is one resting in the sound discretion of the trial court. Bullard v. Bullard, 385 So.2d 1120 (Fla. 2d DCA 1980). Here, the wife was awarded a one-half interest in the marital home and a one-half interest in each of the parties' three vehicles. Upon this record, we cannot say that the wife has been "shortchanged," especially since that determination is an issue of fact and not one of law. Conner v. Conner, 439 So.2d 887 (Fla. 1983).
Likewise, because there was no abuse of discretion, the trial court did not err in refusing to award the husband's interest in the marital home to the wife, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), or in failing to reserve jurisdiction to consider a future award of alimony, Magarowicz v. Magarowicz, 429 So.2d 376 (Fla. 1st DCA 1983).
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.