477 So.2d 631 (1985)
Allen D. WOODARD, Husband, Appellant,
v.
Rosalie E. WOODARD, Wife, Appellee.
No. 84-339.
District Court of Appeal of Florida, Fourth District.
September 25, 1985.
Rehearing Denied November 14, 1985.
*632 Charles W. Musgrove, and Earl Boyce, West Palm Beach, for appellant.
Edna L. Caruso and Philip Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal from a final judgment of dissolution of marriage in which the husband complains of the trial court's awards of alimony and distribution of the marital assets. We reverse.
The parties were married for 34 years and have three grown children. At dissolution the wife was 53, the husband 55. The husband had two years of college and worked for an aircraft company for some years in a semi-executive position. The wife finished high school and also worked during the marriage, for a number of years as a bank vice president. Eventually, both the husband and wife quit their jobs and began a family business in which they were equal stockholders. They worked there until 1983 when the tire business was leased to a large corporation for a five-year period. The husband continued to service the lease and maintain rental warehouses located on the leased property. The husband also obtained a real estate license but had earned no income therefrom at the time of trial. The wife testified that she did regular volunteer work at a local hospital two and one-half days per week. She did not want to go back to work for a bank because banks are now computerized and she was not trained in computers. The wife also testified about a variety of minor physical ailments including a cyst that she described as potentially cancerous. The husband was under medical care for arm and shoulder problems. No expert medical testimony was received and neither party established any significant physical disabilities.
During the marriage the parties enjoyed a comfortable standard of living, primarily because of the success of the family business. At dissolution, the parties were receiving $5,200 a month from the lease of that business and from rental on warehouses located on the same property. From this amount they pay mortgages, utilities for the warehouse, expenses for cars owned by the husband, the wife, and their son, and medical insurance for both parties. After these expenses are deducted each of the parties receives equal net income of $1,222 per month. The marital home was appraised at $130,000 and real estate mortgages on the property totaled $58,000. The husband valued the family business at $400,000. The five-year lease contained a provision giving the lessee the option to purchase the business and property for $900,000. The parties also own a one-half interest, estimated to be worth $7,000, in an airplane, $3,000 in stock, and a $5,000 CD which was purchased with money the wife received from the bank's profit sharing plan when she left their employment. The husband claimed there were outstanding joint credit card bills for $5,000 while the wife testified it was only $2,000. At the time of the final hearing the wife resided alone in the marital home while the husband rented a two-bedroom apartment. Each reflect deficits in their monthly statements of income and expenses. Much of the disparity between the wife's claimed expenses and the husband's is attributable to the maintenance of the home and the husband's lack of or lesser expense for amenities such as maid service, or items such as clothing. The final judgment dissolved the marriage and awarded the wife the husband's interest in the marital home and the $5,000 CD as lump sum alimony, plus permanent alimony of $600 per month. The court also made the husband responsible for all of the credit card debts.
In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985), the supreme *633 court set the standard for determining an equitable division of property accumulated during the marriage. In Grimmett v. Grimmett, 425 So.2d 545 (Fla. 4th DCA 1982), following Canakaris, we held that marital assets should be distributed equally, unless some showing is made of a disparity in the contributions of the parties to the marriage, or unless some other relevant factor justifies disparate treatment. In this case, it appears that the parties were true marital partners in all respects throughout the marriage, and this included sharing the workload and the benefits of the partnership. They dissolved the partnership in substantially equal positions with reference to assets. There are minor differences in their current positions, to be sure, such as age, minor ailments, etc., but nothing substantial enough to require one party to receive a lesser share in the assets.[1] We think the trial court erred in granting the wife a greater share of assets.
Similarly, although it is a more difficult issue because of the length of the marriage, we do not believe the facts support an award of permanent alimony. See Canakaris and Grimmett. Implicit in any determination that permanent alimony should be awarded is a finding that one spouse is in some way unable to be self-supporting and that the other spouse has an ability to provide support, not only for herself or himself, but also for the disabled spouse. These principles have been repeatedly stressed in judicial opinions holding that the two primary elements to be considered in determining an alimony award are the needs of the one spouse and the ability of the other spouse to provide the necessary funds. Canakaris holds that a spouse's ability to pay may be determined "not only from the net income but also the net worth, past earnings, and the value of the parties' capital assets." 382 So.2d at 1202. The criteria to be used in establishing need include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates. Also see § 61.08, Fla. Stat. (1983).
In the case at bar the parties are in virtually identical financial positions not only as to assets, and income therefrom, but also as to wage earning capacity. Both are of approximately the same age, state of health, etc., and have similar work histories. There was no evidence that either party had any greater income than the other. While the length of the marriage is a valid matter to consider, the fact that the parties were married for 34 years does not mean that the wife or husband should automatically receive permanent alimony. And, of course, the sex of a party should not be a factor in determining whether a party receives alimony. Likewise, age is no substantial factor here. It would be inequitable, for instance, to mandate that the younger wife subsidize the support of the older husband, simply because of a two-year difference in age. There are simply no special considerations in this case justifying a requirement that one party bear a greater burden than the other by providing support for the other. While we have had to remind trial courts in the past that the concept of permanent alimony was alive and well, especially in the event of long term marriages in which the wife did not work outside the home, we have never approved of such an award where need and ability to pay have not been established.
As to need, we believe the parties have more or less an equal right to use the standard of living enjoyed during the marriage as a goal for post-divorce living. We can see no justification, however, for requiring one spouse to suffer a substantially lesser standard in order to maintain the other at a higher standard. In the case at hand the disparity in living expenses attributable to the wife's maintenance of the marital home for her sole enjoyment will *634 cease upon the division of that asset between the parties. Thereafter the parties will be in approximately equal positions as to their abilities to sustain themselves in a lifestyle of their choice.
Accordingly, we reverse the awards of lump sum alimony and permanent alimony and remand for further proceedings in accord herewith.
HERSEY, C.J., and HURLEY, J., concur.
NOTES
[1] On appeal the wife claims that she should be awarded the home so that her grandchildren may visit there in the future. She also claims a possibility of the husband's elderly mother eventually coming to live with her, a claim the husband disputes. In any case, we reject either position as a proper basis to award one spouse's interest in the home to the other.