PER CURIAM.
Appellant, Fred Smith, appeals the denial of his post dissolution petition for partition of a herd of cattle jointly owned by him and his ex-wife, appellee, Wanema Smith. We affirm the trial court’s order denying partition, as modified below.
On March 25, 1985, the trial court entered a final judgment dissolving the marriage of the parties and determining the issues of alimony, child support and property rights. Concerning the cattle herd in issue, the final judgment granted a one-half (½) interest in the jointly owned herd to the appellant, husband, and a one-half (¾⅛) interest to the wife. The final judgment further provided that:
... The cattle operations of the parties shall be maintained and operated in the same manner by the parties as was the practice prior to and during the pendency of this action.
The Petitioner shall have the responsibility for the overall management and supervision of the cattle operations consistent with the good management practices. The Respondent shall be entitled annually to one-half (⅛⅛) of the net proceeds of the cattle operations which may be made available for distribution.
The record reflects that the above-quoted provisions of the final judgment were intended, in part, to assure that a stable, practical source of income would be available to help the wife support the minor children of the parties.[1] The husband was without other substantial assets and had been unable to find employment other than managing the herd for over two years prior to the final judgment. He managed the herd on a part time basis with the assistance of others, -including members of his family and outside help. Concerning the cattle herd, the husband testified as follows:
The only thing that I have really full control of where I work and make money to try to help support my family is the cattle program on the reservation where I run cattle....
Since the final judgment was not appealed, the above provisions of the final *485 judgment are binding on the parties and are not subject to review by this court. Diejuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981).
In July of 1985, the wife filed a motion requesting the court to determine that, under the terms of the final judgment, the husband was not entitled to charge the wife for his personal labor in managing the herd. The husband then filed his petition seeking partition of the herd. Neither party alleged that there had been a substantial change in their financial circumstances since the entry of the final judgment. The trial court denied the petition for partition and held that the husband could not charge the wife for his personal labor in managing the herd. These holdings were predicated on a finding that the wife’s income from the herd, needed by her to help support the minor children of the parties, would be substantially jeopardized by granting the husband’s requests. The record supports the trial court’s conclusion that partition would result in the loss of valuable benefits available as long as the entire herd was managed by the husband on tribal land under his privileges as a Seminole Indian. The record also supports the trial court’s conclusion that under the “practice prior to and during the pendency” of the dissolution of marriage action the husband had not charged the wife for his personal labor for managing the herd and was, therefore, not allowed to do so under the terms of the final judgment dissolving the marriage of the parties.
The trial court’s denial of the husband’s request for partition was proper. The rights and duties of the parties concerning the cattle herd were established in the final judgment of dissolution of marriage. The right of a co-owner of property to have the property partitioned can be denied while the property is charged with claims arising out of a final judgment in a dissolution of marriage action. Wilisch v. Wilisch, 335 So.2d 861 (Fla. 3d DCA 1976). The special circumstances discussed above justify the trial court’s conclusion that partition would have endangered a source of funds needed to help the wife support the minor children of the parties. Moreover, the special circumstances presented by the record also justify the trial court’s decision to deny the husband the right to charge the wife for his personal labor in managing the herd. See, Blunnie v. Blunnie, 415 So.2d 156, 158 (Fla. 4th DCA 1982).
The husband’s obligation to manage the herd for the benefit of the parties, however, should terminate when his duty to provide child support is discharged. See, Blunnie v. Blunnie, supra, at 158. When this occurs, the husband will be entitled to seek partition of the herd.[2]
For the above reasons, the order denying partition is affirmed, and this cause is remanded to the trial court to modify its order in accordance with the requirements of this opinion.
DOWNEY and GLICKSTEIN, JJ., and GERALD T. WETHERINGTON, Associate Judge, concur.

. In determining the rights of the parties and their children in a dissolution of marriage action, the trial court has "broad discretionary authority to do equity between the parties_” Tronconi v. Tronconi, 466 So.2d 203, 205 (Fla.1985).

. It should also be observed that should there occur a substantial change in circumstances pertaining to the maintenance of the herd, the parties may petition the court for a modification of the final judgment of dissolution of marriage under Section 61.14, Florida Statutes (1985).