519 So.2d 1054 (1988)
Marianna TEMPLE, Appellant/Cross Appellee,
v.
John TEMPLE, Appellee/Cross Appellant.
Nos. 4-86-0322, 4-86-0518.
District Court of Appeal of Florida, Fourth District.
January 27, 1988.
Rehearing Denied March 4, 1988.
John Beranek and Julie Pressly of Klein & Beranek, P.A., West Palm Beach, for appellant/cross appellee.
Edna L. Caruso of Edna L. Caruso, P.A., and Montgomery, Searcy & Denney, P.A., West Palm Beach, for appellee/cross appellant.
STONE, Judge.
This is an appeal from a final judgment of dissolution of marriage. The wife contends that the trial judge abused his discretion in determining the distribution of the marital assets and the award of lump sum alimony, and in failing to award attorney's fees and costs. The husband cross appeals as to the amount of lump sum alimony awarded, and as to the selection of the date the petition for dissolution of marriage was filed as the time for determining the marital assets.
The parties were separated for at least four years prior to the filing of the petition for dissolution. The husband is the president of a large corporation. The wife has a master's degree and has passed the C.P.A. exam. After the couple's separation, but before filing for divorce, the husband acquired a substantial amount of company stock by participating in a corporate buy-out, primarily using borrowed funds as well as sums earned after the separation. Although this stock was acquired prior to filing, it was not evenly divided in the equitable distribution allocation. The wife, who received only 20,000 shares out of over 100,000, contends this was error. See Berger v. Berger, 464 So.2d 649 (Fla. 4th DCA 1985).
The evidence as to value was conflicting. The wife contends that she received only 20% of their total assets, while the husband argues that she received over 40%, after considering taxes and liabilities. In addition to the company stock, which was valued between $600,000.00 and $1,000,000.00, the wife received various marital assets valued at over $350,000.00, and $660,000.00 in lump sum alimony. Nevertheless, it is clear that the husband received substantially more than the wife as a result of the unequal distribution of the stock acquired during the separation.
*1055 As a rule, marital property should be distributed equally. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Woodard v. Woodard, 477 So.2d 631 (Fla. 4th DCA 1985), rev. denied, 492 So.2d 1336 (Fla. 1986); Grimmett v. Grimmett, 425 So.2d 545 (Fla. 4th DCA 1982). However, it is not an abuse of discretion for the trial court to consider factors such as a lengthy period of separation as justification for disparate treatment. Here, the stock would not have been a marital asset had either party filed for dissolution within a year or two of their separation. The time of the acquisition following separation is a factor that the trial court may reasonably take into consideration.
We conclude that the trial court did not abuse its discretion in considering these facts in arriving at the amount and form of equitable distribution. See Canakaris v. Canakaris; Geisinger v. Geisinger, 436 So.2d 439 (Fla. 4th DCA 1983); Casto v. Casto, 458 So.2d 290 (Fla. 4th DCA 1982), approved, 508 So.2d 330 (Fla. 1987); Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982), approved, 466 So.2d 203 (Fla. 1985); Sloman v. Sloman, 418 So.2d 1249 (Fla. 4th DCA 1982); Green v. Green, 442 So.2d 354 (Fla. 1st DCA 1983).
The trial court did err in failing to award attorney's fees and costs to the wife where the husband's assets and earnings were substantially greater than hers. Cf. Novak v. Novak, 429 So.2d 414 (Fla. 4th DCA), rev. denied, 438 So.2d 833 (Fla. 1983); Johns v. Johns, 423 So.2d 443 (Fla. 4th DCA 1982); Sloman v. Sloman. In all other respects, we find no abuse of discretion.
The final judgment is therefore affirmed, except that we reverse and remand for the award of attorney's fees and costs to the wife.
GLICKSTEIN, J., and BLOOM, PHILIP, Associate Judge, concur.