528 So.2d 1325 (1988)
Richard William GRIFFITH, Appellant,
v.
Patricia Anne Thomas GRIFFITH, Appellee.
No. 87-1817.
District Court of Appeal of Florida, Fifth District.
August 4, 1988.
James R. Dressler, Cocoa Beach, for appellant.
*1326 Paul M. Goldman of Spielvogel and Goldman, P.A., for appellee.
COBB, Judge.
Richard Griffith appeals a final judgment of dissolution, contending that the trial court erred in distributing proceeds from the sale of the marital home and in awarding permanent, periodic alimony to his former wife, appellee Patricia Griffith. We affirm the trial court's distribution of assets, but reverse the award of permanent, periodic alimony.
The wife was 42 years of age and in good health at the time of the final hearing, has a bachelor's degree, a master's degree and a Ph.D in comparative literature, and has worked as a Russian translator and a supervisor for Western Electric. The parties were married in 1964, but maintained an "open" marriage until 1978, when the wife became pregnant. She earned $23,000 in 1978. After the birth of her child, in 1979, the wife chose not to work and stayed at home with her daughter, who is mentally gifted and in the upper one percent I.Q. range. After rejoining each other in 1978, the parties lived in comfortable circumstances, and at the time of dissolution the husband was employed at a gross annual salary of some $83,000, the net salary being $43,800.
The dissolution judgment awarded the wife the following: child support in the amount of $645 per month; rehabilitative alimony at $430 per month for six months; and permanent, periodic alimony of $860 per month. The judgment also required the husband to maintain medical and dental health insurance, to pay two-thirds of uncovered expenses, and to pay two-thirds of outstanding obligations of the parties. Additionally, the wife was awarded lump sum alimony of $3,500 to equalize IRA accounts, together with one-half of the husband's annuity plan and an automobile. The parties shared some $81,000 netted from the sale of their home.
In Woodard v. Woodard, 477 So.2d 631 (Fla. 4th DCA 1985), review denied, 492 So.2d 1336 (Fla. 1986), the Fourth District reversed a permanent alimony award granted in the dissolution of a 34-year marriage, observing that the length of a marriage and the sex of a party should not be determinative in granting or denying permanent alimony. Judge Anstead's opinion in Woodard stated:
Implicit in any determination that permanent alimony should be awarded is a finding that one spouse is in some way unable to be self-supporting... .
Id. at 633.
In the instant case, there is no evidence that the wife is in any way disabled or unable to support herself. She lived separately and supported herself for several years during the instant marriage. She is 42 years of age, in good health, and has unusual educational qualifications, as well as considerable work experience. Her desire to devote her full time and attention to a gifted child, while perhaps laudable, cannot alter the basic alimony considerations of need and ability. At oral argument counsel for the husband persuasively observed that if the situations of the parties herein were reversed  i.e., the wife had the husband's salary and he had primary custody and the educational and occupational experience of the wife  there is no judge who would grant him permanent alimony. A review of the cases that have come before this court support that argument.
It may be that the wife's advanced education status requires updating in order to maximize her capacity for self-support; but any diminution of that capacity in recent years by reason of her election to be a full-time mother at home for a young child cannot be logically equated with permanent incapacity for self-support.
We affirm the judgment below except for the award of permanent alimony, which we reverse.
AFFIRMED in part; REVERSED in part; and REMANDED.
COWART and DANIEL, JJ., concur.