# WINN v WINN

## Case No. 88-5-FR

Nineteenth Judicial Circuit, St. Lucie County

September 20, 1988

### APPEARANCES OF COUNSEL

**Osborne W. O'Quinn,** for husband.

**Cay Midelis,** for wife.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *FINAL JUDGMENT OF DISSOLUTION*

The Court having heard testimony and argument hereby makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction of the parties and the subject matter.

2. The marriage is irretrievably broken.

The Court further finds that the parties were married in 1977 and have two children, Logan 11 and Amy 5.

They separated in January of this year after a violent episode, in front of the children, that was sparked by the Wife's extramarital affair. The episode, which was of three days duration, resulted in extensive injury and resultant medical treatment of the Wife.

Immediately prior to the separation, the parties constructed a home in which the Wife and children now reside. The land and building were financed out of funds accumulated during the marriage. The Husband contributed physical labor to construction as did the Wife.

There has been no showing that the construction of the marital dwelling was, therefore, unconnected with the marriage. On the contrary, it appears beyond travail that two parties, both employed, both contributing funds to the marriage and both sharing expenses jointly built the home.

Not unpredictably, both parties mounted what can only be described as incendiary attacks upon each other's character and fitness. Acrimonious charges concerning sexual misconduct, drug use and spousal violence were hurled by Husband, Wife, friends and relatives. What remains to be decided by this Court, as always in cases of this nature, is the best interests of a ten year old boy and five year old girl; the innocent victims of parental welfare. Subservient to this question and necessarily dependent upon resolution of that question alone, are all other issues in this case.

Given the fact that the Wife may have, while conducting an adulterous affair, lured the Husband into building a home while fully intending a divorce. Given the fact that the Husband cruelly and systematically beat, spat upon, cursed, and terrorized the Wife in front of the children, this Court must determine and fashion a solution, both economic and custodial, that will give these children a chance to have at least a semblance of a normal home setting.

The parties have stipulated that child support shall be $25.00 per week per child, they have further stipulated that the Court may utilize its standard visitation order, they have also agreed that the Court should enter a mutual restraining order. Those stipulations are accepted and made a part of the Final Judgment.

Turning to the question of primary physical residence, it appears uncontroverted that the children, who presently reside with the mother, are in a relatively stable environment. It appears, on the evidence, that the Wife has been primarily concerned with their physical and emotional well being. The evidence further reveals that this concern has been permanent. The evidence, principally from the

Wife's sister and a long time neighbor, establishes that the Wife possesses the superior capacity and disposition to provide the children with food, clothing and medical care.

The Husband's evidence on his ability to provide the foregoing is sparse and unconvincing.

Turning to the issue of moral fitness, the Court is confronted with evidence that clearly establishes that the Wife has engaged in extramarital relationships. Absence evidence that the misconduct has had a detrimental effect on the children, this factor is not controlling. There has been no such showing. There has been a clear showing, on the other hand, of the Husband's violent propensities which could very well endanger the children's mental and physical well-being.

Finally, the Court has considered the clear evidence of spouse abuse as mandated by FS § 61.13(2).

Based on the foregoing, the Court determines that the best interests of the children require that primary residence should be with the mother. In so deciding, the Court has considered the other statutory criteria set forth in FS § 61.13, but finds those specifically addressed as most controlling.

In making this decision, the Court is not unmindful of the potential adverse impact of sexual misconduct (See generally *Commander v Commander,* 501 So.2d 1281 rev denied 501 So.2d 1281.) The Court, therefore specifically retains jurisdiction to modify visitation and primary residence should the activities of either spouse pose a threat to the children's best interests.

Based on the foregoing, the Court finds in accordance with *Woodward v Woodward,* 477 So.2d 630 (Fla. 4th DCA 1985) and *Grimmett v Grimmett,* 425 So.2d 545 (Fla. 4th DCA 1982) that the marital dwelling is an asset subject to equitable distribution. The Court further awards the Wife exclusive possession of that residence as an incident of child support during the minority of the children or until she remarries. *Kuvin v Kuvin,* 442 So.2d 203 (Fla. 1983). Until further order, the Wife will remain responsible for all expenses and mortgage payments.

Upon sale of the dwelling, the Husband will receive all appropriate credits. (See generally *Marcheret v Marcheret,* 498 So.2d 527 (Fla. 3d DCA 1987). Each party will retain vehicles in their present possession and will be responsible for their own attorney fees. The Husband shall bear costs of this proceeding.

The Court further retains jurisdiction to enforce the terms of this Judgment and all other relief in accordance with the law.

48

DONE AND ORDERED at Fort Pierce, St. Lucie County, Florida, this 20th day of September, 1988.