PER CURIAM.
In these consolidated cases, the former husband seeks review of post-judgment orders finding him in civil and criminal contempt, ordering execution of a deed to out-of-state marital property, ordering indemnification of the former wife for expenses related to litigation over the out-of-state property, and appointing a commissioner to execute the deed to the property which the former husband refused to execute. We find that the vacation of the criminal con *355 tempt order for want of personal service, see Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977); Fla.R.Crim.P. 3.840, is the only-action required by this court. In all other respects, the trial court acted within its authority as to this recalcitrant former spouse. See Fraser v. Cohen, 159 Fla. 253, 31 So.2d 463 (1947); Smith v. Smith, 498 So.2d 483 (Fla. 4th DCA 1986), review denied, 509 So.2d 1119 (Fla.1987); Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), review denied, 492 So.2d 1333 (Fla.1986); Geisinger v. Geisinger, 436 So.2d 439 (Fla. 4th DCA 1983); McDonald v. McDonald, 413 So.2d 779 (Fla. 3d DCA 1982); Nicholson v. Nicholson, 311 So.2d 676 (Fla. 4th DCA 1975); Superior Uniforms, Inc. v. Brown, 221 So.2d 214 (Fla. 3d DCA 1969).
Accordingly, we vacate that portion of the trial court’s order directing the ex-husband be incarcerated for criminal contempt and affirm the decree as thus modified.