977 So.2d 763 (2008)
Paul A. ASCHERMAN, Appellant,
v.
Jina Lee ASCHERMAN, Appellee.
No. 2D07-772.
District Court of Appeal of Florida, Second District.
March 28, 2008.
*764 Thomas A. Smith, Tampa, for Appellant.
Scott C. Everett, Tampa, for Appellee.
ARTIGLIERE, RALPH, Associate Judge.
The former husband appeals the trial court's equitable distribution in its final judgment and amended final judgment of dissolution of marriage. We affirm in part, reverse in part, and remand for further proceedings.
We conclude that the trial court erred in determining the value of the former husband's "Alliant" pension. The former husband was employed by U.S. Food Service. The former wife introduced into evidence a document from the former husband's employer entitled "estimated pension benefit" showing that the former husband was entitled to a $74,303.67 lump sum pension payout on November 1, 2034. The employer's retirement plans administrator, Ms. Alicia, testified by telephone that the former husband's Alliant pension would provide him the lump sum payout of $74,303.67 "based upon him commencing his benefits upon age 65," which the record shows would occur in the year 2034. She also conceded that the lump sum amount assumed that the former husband continued in his employment with the company until 2034.
The former husband introduced into evidence another document from his employer which provided a present value estimate of the Alliant pension of $18,238.54. When asked about this document Ms. Alicia stated she did not have it available and could not comment upon it. She did agree, however, that if the pension were to be valued as of the December 2005 filing date of the petition that the payout estimate "would be considerably less," but also stated that no early payout was possible.
In calculating the equitable distribution, the trial court credited the former wife with one-half of the estimated $74,303.67 which would be paid in 2034. This was error. The trial court should have reduced *765 the Alliant pension benefit to present value before determining the former wife's equitable share as a lump sum. See Rogers v. Rogers, 622 So.2d 96, 98 (Fla. 2d DCA 1993) ("We hold that the trial court should have reduced the pension benefits to present value and awarded Mrs. Rogers a lump sum."). The trial court apparently disregarded the former husband's evidence that the present value of the Alliant pension was $18,238.54, because "Ms. Alicia could not confirm this amount." The record shows that Ms. Alicia did not dispute the amount but simply could not comment because she had not seen the document. Thus the former husband's evidence of present value, which was accepted into evidence, was undisputed and should have been used by the trial court in determining the former wife's equitable distribution.
The trial court awarded the former wife temporary exclusive use and possession of the marital home for the life of her grandparents, or until they moved out, based on its conclusion that there was an agreement between the parties and the grandparents that the home would not be partitioned but that the grandparents could reside there during their lives. This was not unlike the disposition approved in Blunnie v. Blunnie, 415 So.2d 156, 158 (Fla. 4th DCA 1982), where the wife was awarded temporary exclusive possession of the home "so that she can honor the parties' agreement to her parents."
The evidence here shows that the former wife's elderly grandparents had provided approximately $54,000 to the parties to assist the parties in the purchase of the home. Further, the grandparents had expended an additional $41,000 for additions and improvements. The grandmother testified that she and her husband "took our money and invested there because we were supposed to live there the rest of our life." She stated that they relied on that understanding when they sold their own home and moved into the Aschermans' house. She stated, "[W]e would have never done anything like that if we didn't think that was going to be our home for life." Based on the reasoning in Blunnie, the trial court acted within its discretion in refusing to partition the property and in awarding the former wife temporary exclusive use and possession of the marital home.
While the trial court found that the former wife was not entitled to a special equity in the marital home based on the grandparents' financial contribution, it awarded her "$32,000 to be paid from the gross proceeds from the sale" of the marital residence at the conclusion of the wife's period of temporary exclusive use and possession. During the former wife's exclusive use and possession, she was to be responsible for paying the mortgage, taxes and insurance on the home, and would have the right to all income tax deductions related to the home.
Upon the eventual sale of the home, the wife would receive a credit against the gross sale proceeds of (1) the $32,000, (2) one-half of all principal, interest, property taxes, and insurance paid during her exclusive use and possession, (3) one-half of all amounts in excess of $500 she pays for "necessary and reasonable repairs, maintenance, and replacements." This was error. The trial court failed to provide any justification for the "equitable" amount of $32,000 awarded to the former wife. Moreover, the wife should have been charged a fair rental for her exclusive possession, and if the former husband is required to pay one-half of all costs during the wife's exclusive possession he certainly is entitled to commensurate income tax deductions.
Finally, the trial court stated that the former wife was entitled to an equalizing *766 payment of $47,867.19, which was calculated from the other errors discussed above. Because this equalizing payment is itself the product of errors, we cannot approve it.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
STRINGER and LaROSE, JJ., Concur.