408 So.2d 238 (1981)
Mary Emma McBrayer FLEMING, Appellant,
v.
John West FLEMING, Appellee.
No. 80-1530.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
Rehearing Denied February 4, 1982.
*239 Robert L. Koeppel of Koeppel, Stark & Newmark, Miami, for appellant.
James Fox Miller of Miller & Schwartz, Hollywood, for appellee.
BARKETT, ROSEMARY, Associate Judge.
This is an appeal from a final judgment of dissolution of marriage which incorporated a property settlement agreement entered into by the parties immediately prior to the dissolution hearing. For the reasons set forth below, we reverse the judgment and remand to the trial court for further consideration consistent herewith.
Mary Emma Fleming and John West Fleming were married on February 11, 1950. They lived together as husband and wife for over twenty-eight years and had four children. During the marriage, Mr. Fleming became a successful and prominent trial lawyer in Broward County.
On February 2, 1979, Mrs. Fleming filed a petition for dissolution of marriage through her attorney, J.B. Patterson, and a final hearing was set for June 30, 1980. On June 27, 1980, Mr. Fleming furnished Patterson with a complex financial statement as well as an offer of settlement. This record is not clear as to why this statement was supplied at such a late date, but does indicate that this offer, and a subsequent one, were rejected by Patterson. However, when a third settlement offer which was essentially the same as the second was conveyed on the day of the hearing, Patterson advised Mrs. Fleming to accept it.
The settlement agreement was read into the record by Mr. Fleming's attorney at the commencement of the hearing and the proceedings were terminated shortly thereafter. This oral settlement was then reduced to writing, but Mrs. Fleming refused to execute it. She subsequently retained new counsel and filed a petition to rescind or vacate the settlement agreement alleging, inter alia, undue influence, coercion, duress, fraud, and the unfairness of the agreement. Mr. Fleming, on the other hand, moved to compel settlement.
Over the objection of Mrs. Fleming's new counsel, the court allowed Patterson to participate in the hearing held on the petition to rescind and the motion to compel, by giving an opening statement, cross-examining witnesses, and making objections. In fact, Patterson, himself, requested that the court limit the testimony at the hearing to the questions of fraud, undue influence and duress, and asked the court to exclude all *240 testimony as to the unfairness or unreasonableness of the agreement, although this was contrary to Mrs. Fleming's interests. At the conclusion of the hearing, the trial court denied the petition to vacate the settlement and granted the motion to compel. The court specifically excluded the issue of the fairness of the agreement from its consideration, stating: "I am not making any determination as to the fairness or lack of fairness of the agreement. I think it's a day late and a dollar short for her to raise these arguments and I have purposely excluded or sought to exclude testimony on the relative assets of the parties going into it."
On appeal, Mrs. Fleming contends that she was urged to make a determination quickly and without thought and was, in effect, coerced by Patterson to accept the third settlement offer. She suggests that Patterson was not prepared for trial and it was this unpreparedness which motivated him to urge her acceptance of the offer. More basically, she asserts that the trial court should have considered the fairness of the parties' settlement agreement before determining whether it should be rescinded or vacated.
The landmark case on this subject is, of course, Del Vecchio v. Del Vechhio, 143 So.2d 17, 20-21 (Fla. 1962),[1] where the court stated:
Ordinarily the burden of proof of the invalidity of a prenuptial contract is on the wife alleging it but if, on its face, the contract is unreasonable a presumption of concealment arises, the burden shifts and it is incumbent upon the husband to prove validity. (emphasis supplied).
This concept was reiterated and expanded on by this court in Baker v. Baker, 394 So.2d 465, 466-67 (Fla. 4th DCA 1981):
To modify or set aside a property settlement agreement, it is incumbent upon the party seeking to abrogate the agreement to allege and prove fraud, duress, deceit, coercion or overreaching by the other party... . Case law suggests two methods, one direct and one indirect. The direct method involves affirmative proof of fraud, misstatements, deceit, etc. The indirect method allows the party seeking to invalidate a property settlement agreement to prove that the agreement is unreasonable on its face. Thereupon, a presumption arises that the opposite party concealed his assets. This, in turn, shifts the burden of proof to the defendant party to establish the validity of the agreement. Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962).
(Citation omitted; footnotes omitted).
Clearly, then, in a case where an agreement is alleged to be patently unfair, as here, the first order of business is for a court to make a determination as to whether the provisions made for a wife on the face of an agreement are, in the language of Del Vecchio, "disproportionate to the means of the husband." 143 So.2d at 20. If the agreement is found to be unreasonable on its face, the presumption that the husband concealed assets would arise and this, in turn, would shift the burden of proof to him to establish the validity of the agreement. Since, by the trial court's own admission, no determination as to the fairness of the agreement was made herein, we reverse and remand for consideration of this issue.
While our above-outlined conclusions render consideration of the remaining issues raised by Mrs. Fleming unnecessary, we feel compelled to note that there is some merit to her contention that her prior attorney should not have been allowed to participate in the hearing on the petition to vacate or rescind the settlement. It is clear that Patterson's interests were adverse to those of Mrs. Fleming since she, in essence, was alleging that her prior attorney had participated *241 in the alleged coercion which resulted in her oral acceptance of the agreement.
REVERSED and REMANDED.
ANSTEAD, J., concurs.
BERANEK, J., concurs specially with opinion.
BERANEK, Judge, concurring specially:
I concur specially to note that the former wife's contentions regarding duress were directed primarily at her own lawyer rather than at her former husband or opposing counsel. Despite this, the trial court erred in failing to consider the alleged facial unfairness of the settlement agreement and in allowing Mr. Patterson to participate adversely to his former client's interest. A further hearing is, therefore, necessary.
NOTES
[1] Although Del Vecchio deals with antenuptial agreements, the standards of fairness set out therein are applicable to postnuptial property settlement agreements as well. See Posner v. Posner, 257 So.2d 530 (Fla. 1972); Posner v. Posner, 233 So.2d 381 (Fla. 1970); Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981); Bailey v. Bailey, 300 So.2d 294 (Fla. 4th DCA 1974).