HERSEY, Judge.
Sharon Kerns appeals the dismissal with prejudice of her petition to set aside a property settlement agreement. The order of dismissal, entered upon motion of appellee, husband, after presentation of appellant’s case, contained the following findings:
[T]he evidence presented by the Wife failed to show any fraud, coercion or duress by the Husband against the Wife in conjunction with the Property Settlement Agreement and that the evidence showed that the Wife freely and voluntarily entered into the agreement with knowledge of the financial situation of the Husband.
It. is black letter law that the party seeking to set aside a property settlement agreement has the burden of establishing fraud, coercion, duress or concealment. Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981). In the absence of such a showing, the agreement, as any other contract, is “... valid and binding on the parties and should be respected by the courts.” Zakoor v. Zakoor, 240 So.2d 193, 197 (Fla. 4th DCA 1970).
It has become equally well established, however, that if such an agreement is unreasonable on its face then a presumption of concealment arises and the burden shifts to the proponent of the agreement to prove its validity. Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla.1962); Baker v. Baker, supra. Where facial unreasonableness is alleged, the trial court is obliged to treat and dispose of that issue before proceeding to the merits in order to allocate the burden of proof to the appropriate party. Fleming v. Fleming, 408 So.2d 238 (Fla. 4th DCA 1981). We are unable to find any indication in the record that such a determination was made here.
Thus we are confronted with the issue of whether or not the allegations of appellant’s petition were sufficient to put the trial court on notice of a claim of facial unreasonableness of the agreement. We determine that the allegations, although inartfully drawn, were sufficient to raise that issue.
The petition alleges, inter alia:
3. That the grossly disproportionate benefit to the Husband in the Agreement as incorporated by the Final Judgment, together with sufficient course of circumstances as hereinbefore mentioned exhibit a situation in which the Wife was not able to comprehend the situation that she was involved in.
4. The Property Settlement Agreement as incorporated in this Court’s Final Judgment of Dissolution of Marriage was inequitable to the former wife and furthermore is to the detriment of the parties minor children.
5. The Property Settlement Agreement entered into by the former wife is a totally [sic] unfair, overreaching, unequal distribution of property.
We therefore reverse and remand for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
LETTS, C. J., and ANSTEAD, J., concur.