458 So.2d 290 (1982)
James D. CASTO, Appellant,
v.
Donna L. CASTO, Appellee.
Donna L. CASTO, Appellant,
v.
James D. CASTO, Appellee.
James D. CASTO, Appellant/Cross-Appellee,
v.
Donna L. CASTO, Appellee/Cross-Appellant.
Nos. 79-2008, 79-2037 and 80-208.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Rehearing Denied November 15, 1984.
DuBose Ausley of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, and Talbot D'Alemberte of Steel, Hector & Davis, Miami, for James D. Casto.
S. Robert Zimmerman, Pompano Beach, and Edna L. Caruso, West Palm Beach, for Donna L. Casto.
DOWNEY, Judge.
These consolidated appeals seek review of a final judgment of dissolution and a subsequent order awarding attorney's fees. The husband seeks reversal of the award of lump sum alimony to the wife in the final judgment and the award of attorney's *291 fees to her in the post decretal order. The wife cross-appeals from the award of attorney's fees (contending they are inadequate) and the failure to award her certain costs.
For purposes of this opinion, the background facts and findings of the court are set out in the final judgment, and appear fully supported by the evidence. In pertinent part they are set forth hereafter:
A. That the parties hereto were married to each other for the first time on October 20, 1964 in Columbus, Ohio and were divorced from each other on July 18, 1966 in Columbus, Ohio and thereafter were remarried to each other on July 10, 1967 in Columbus, Ohio.
B. That there were no children born of this marriage, although each of the parties had several children as a result of their prior marriage.
C. That the Husband came to Florida in the year 1966, with a net worth of less than $100,000.00, and the Wife moved to Florida shortly thereafter, whereupon the Husband entered into the business of shopping center development.
D. That upon Husband's arrival in the population exploding State of Florida in this country of opportunity, by hard work and diligence, the Husband was eminently successful in his field of shopping center development, so that as a result Husband has accumulated a net worth of between four million seven hundred thousand and ten million dollars, depending upon the accountant who may be testifying, so that the Husband is able to afford all the trappings of success, including a large house, thoroughbred horses, Rolls Royce and other automobiles, expensive jewelry and a life style of which the average citizen can only dream.
E. That during the period of time from 1966 to date, the Wife was unemployed, although testimony indicates that at the inception of the Husband's business she may have helped to a small degree in the Husband's office; however the Husband was embarked on an enterprise where entertainment of business associates was of the utmost importance and where an aura of success and family stability was thought by the Husband to be indispensible to his business success.
The Court has reviewed the extensive evidence, including some four volumes of photographs which indicates that the Wife was highly successful in her role, in that, unfortunately for the marriage, the great percentage of pictures and other evidence indicates that the entertainment and trips were not for the enjoyment of the Husband and Wife but, whether apparent or in disguise, were for business purposes. The value of the attractive, vivacious wife in the entertainment of the husband's business associates and in materially accounting for his aura of success in society and the business world is unquestioned.
F. That the Court has heard testimony of certain indiscretions on the part of both Husband and Wife during the period of the marriage but suffice it to say that Husband and Wife remained together from July 10, 1967 until on or about April 21, 1977, a period of approximately ten years during which time the Husband amassed his fortune.
G. That the Husband and Wife separated on or about April 21, 1977 and said Husband and Wife signed a Separation and Property Settlement Agreement dated April 21, 1977.
* * * * * *
The Court finds, based on the evidence and testimony, that the Separation and Property Settlement Agreement dated April 21, 1977 and signed by the Husband and Wife is invalid and is hereby set aside for the following reasons:
(a) That the Wife was not adequately advised of the Husband's assets and income prior to or at the time she signed the Separation and Property Settlement Agreement and had no independent knowledge of the extent of the Husband's assets and income.
(b) That the Wife did not have competent assistance of counsel at the time of *292 the signing of said Separation and Property Settlement Agreement.
(c) That the Separation and Property Settlement Agreement dated April 21, 1977 is basically unfair and inequitable to the Wife.
Having set aside the Separation and Property Settlement Agreement dated April 21, 1977 signed by the Husband and Wife for the reasons set forth hereinabove, the Court finds that the Wife, through her work in providing a home for the Husband and as the result of her extensive entertainment and social activities for business purposes on behalf of the Husband, has a special equity in the business enterprises of the Husband and that under Florida Law and in the best interests of the parties and taking into consideration the precarious health of the husband, that this is a classic case for lump-sum alimony, which the Court grants to the Wife in the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars, with the Husband to be given credit for his interest in the home of the parties located at 3018 N.E. 22nd Street, Fort Lauderdale, Florida, previously held as tenants by the entirety and previously deeded to the Wife, in the amount of One Hundred Twenty-Five Thousand ($125,000.00) Dollars. In addition, the Husband shall be given credit for the One Hundred Thousand ($100,000.00) Dollars previously paid to the Wife, plus the Nine Thousand ($9,000.00) Dollars in temporary alimony paid to the Wife, beginning April 1, 1979 through June 1, 1979, so that the lump-sum alimony payable to the Wife after the above credits to the Husband, is in the amount of One Million Two Hundred Sixty-six Thousand ($1,266,000.00) Dollars; said sum to be paid by the Husband to the Wife as follows:
The sum of $266,000, plus eight (8%) percent interest from the date of this Order, to be paid by the Husband to the Wife within sixty (60) days from the date of this Order, and the balance of $1,000,000.00, plus eight (8%) interest from the date of this Order shall be paid at the rate of $250,000.00, plus accumulated interest, on January 1, 1980, and $250,000.00, plus accumulated interest, each year thereafter on January 1, 1981, 1982 and 1983 until paid in full. The Husband, at his option, may prepay this amount at any time.
In a subsequent order the trial court awarded the wife attorney's fees of $175,000 and $9,685.92 for costs, but refused to tax an additional $690 for photocopies.
The main question on this appeal is the husband's contention that the trial court erred in finding that the Separation Agreement was invalid. A reversal on that ground would, of course, invalidate the award of lump sum alimony and attorney's fees.
The trial of this case covered some eleven days. There is competent evidence to support the appellant's contentions that the wife entered into the agreement freely and voluntarily, with independent advice, and with a general and approximate knowledge of the extent of the husband's net worth. However, there is also substantial competent evidence to support the trial judge's findings on these scores and, thus, for us to reverse this judgment on that basis would be the rankest form of appellate substitution of judgment.
Having concluded that the trial court's finding the agreement was invalid is sound, we hold there is no demonstration in the record that the award of $1,500,000, subject to designated credits, was an improper award. The evidence relative to the value of the husband's estate in conjunction with the wife's substantial contribution to his success in amassing that estate during the marriage fully supports the award.
With regard to the award of attorney's fees, the husband contends that the wife should not be awarded any fees even if the agreement is set aside because of the extensive lump sum alimony award. The point is arguable but considering the vast discrepancy between the value of their *293 respective estates, we cannot say the trial court abused his discretion in making the award in question. Furthermore, it may well be the trial court considered the limp-sum alimony in allowing only $175,000. The evidence could well have supported a much larger attorney's fee for her counsel. By the same token, with regard to the wife's cross-appeal, predictably the husband adduced evidence of a reasonable fee much lower than that awarded. Generally speaking, that should end the discussion. The refusal to award photocopies is controlled by the Supreme Court Administrative Order, issued October 28, 1981, found at 7 F.L.W. 517, and no error in this regard is demonstrated.
When all is said and done, our study of this record convinces us that, while there were certainly justiciable issues to be resolved, they were resolved based upon competent controverted evidence, which is the trial court's function. For these reasons we affirm the final judgment and order determining attorney's fees and costs.
AFFIRMED.
BERANEK and DELL, JJ., concur.

ON MOTIONS FOR REHEARING
PER CURIAM.
This matter involves an appeal from a judgment in a marriage dissolution case. An opinion deciding the merits of the case was published, authored by the original Fourth District Court of Appeal panel. Casto v. Casto, 458 So.2d 290 (Fla. 4th DCA 1982). Because a conflict of interests concerning a judge appointed to the Fourth District Court of Appeal developed, three judges of the Fifth District Court of Appeal were appointed to act upon the case. We have reviewed that opinion and all briefs and motions. It is our considered opinion the pending motions should be denied.
Motions denied.
COBB, DAUKSCH and FRANK D. UPCHURCH, Jr., Associate Judges, concur.[*]
NOTES
[*] Court of Florida
WHEREAS, it has been officially made known to me that it is necessary to the dispatch of business of the District Court of Appeal, Fourth District, that a panel be temporarily assigned to duty in that court to hear the cases of:
Casto vs. Casto, Fourth District Court of Appeal Case Nos. 79-2008, 79-2037, and 80-208.
NOW, THEREFORE, I, James E. Alderman, under authority vested in me as Chief Justice of the Supreme Court of Florida, do hereby assign and designate James C. Dauksch, Jr., Warren H. Cobb, and Frank D. Upchurch, Jr., Judges of the District Court of Appeal, Fifth District, to proceed to the District Court of Appeal, Fourth District, to hear, conduct, try, and determine the above causes which shall be presented to them as temporary judges of said court and thereafter to dispose of all matters considered by them in said cases.
DONE AND ORDERED at Tallahassee, Florida, on October 11, 1983.
 /s/ James E. Alderman 
 CHIEF JUSTICE
 SUPREME COURT OF FLORIDA