474 So.2d 1247 (1985)
Mary Emma McBrayer FLEMING, Appellant,
v.
John West FLEMING, Appellee.
No. 83-1302.
District Court of Appeal of Florida, Fourth District.
September 4, 1985.
*1248 Robert L. Koeppel and Wayne Kaplan of Law Offices of Robert L. Koeppel, Miami, for appellant.
Larry Klein of Klein & Beranek, P.A., West Palm Beach, and Richard Kirsch, Fort Lauderdale, for appellee.

MOTION FOR REHEARING GRANTED
LETTS, Judge.
The motion for rehearing is granted, our prior opinion filed August 8, 1984, withdrawn and the following substituted therefor.
This long-fought dissolution proceeding pivots on the validity of a property settlement agreement which the wife insists must be set aside. We affirm.
This controversy was first addressed in Fleming v. Fleming, 408 So.2d 238 (Fla. 4th DCA 1981), cert. denied, 419 So.2d 1197 (Fla. 1982). On that occasion the facts revealed that, prior to the final hearing, the parties were in an adversarial posture, both as to distribution of assets and as to periodic alimony. The wife had already rejected two offers of settlement. On the morning set for the contested final hearing, she and her attorney decided to accept a third offer (essentially the same as the second) and the parties so stipulated in open court. The settlement was then orally read into the record and both parties, during voir dire not only acknowledged their complete approval and satisfaction, but also gave their assurances that each had received full financial disclosure. However, when the settlement was later reduced to writing, the wife refused to sign it, replaced her trial counsel and unsuccessfully sought to have the settlement set aside because it was procured by fraud, coercion and unfairness.
This court initially reversed because the trial judge, in his order first appealed from, specifically announced that it was "a day late and a dollar short" to consider the lack of fairness of the agreement. Pursuant to that pronouncement, the initial panel of this court held that the trial judge should have considered the fairness or unfairness of the agreement "on its face" and remanded the cause for consideration of that issue. Upon remand the trial judge examined the agreement and its attendant circumstances revealed by the record, received memoranda from counsel, which he incorporated into his resulting order, and concluded that the agreement was not unfair. His conclusion is now the subject of this further appeal.
The question of how a judge is to decide whether a property settlement agreement is fair "on its face" cannot be an exact science. If such an instrument provided for the wife to get nothing at all, it would be simple to find it unfair on its face and the burden of upholding its validity would shift to the husband. By contrast if the provisions ostensibly gave the wife everything, then the instrument on its face would appear most fair and she would bear the burden of demonstrating to the contrary. See Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981). Obviously, neither of the foregoing two examples are applicable here, because the trial judge found that after distribution, pursuant to the terms of the agreement, the husband's net worth was $900,000.00 and the wife's $700,000.00. Here, as in most situations, the trial judge cannot merely stare with tunnel vision at the agreement itself. He must look outside the instrument to determine its fairness. Thus the term "on its face" cannot be taken literally. See the seminal case of Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962).
In Del Vecchio, the court struck down an antenuptial agreement and in so doing *1249 looked beyond the agreement to determine if it measured up to the "basic criterion ... the element of fairness." Id. at 20. Finding that it did not, the Del Vecchio court noted (obviously outside the agreement) that the wife had not had the benefit of legal counsel and that the relationship between she and her future husband was one of mutual trust and confidence requiring a high degree of good faith and candor which the court found lacking.
In a similar vein this very court, citing Del Vecchio, set aside a property settlement agreement entered into by the parties prior to the final hearing because they were still in a "nonadversarial stance." Baker v. Baker, supra. Once again, the court noted that the wife in Baker had no counsel and the parties "did not deal at arms length."
Applying all this to the controversy before us now, another panel remanded it to the trial judge to consider if the agreement was fair on its face because he had announced his refusal to consider that. Upon remand, in order to accomplish this directive, the trial judge was required to look outside the instrument because, though it gave her considerable assets and support, it might still be unfair. This he did, as he so stated. The parties did not have to deal with each other in an atmosphere of mutual trust and confidence because they were unquestionably in an adversarial stance, embroiled in a bitterly contested dissolution and each had independent counsel. Their stipulated settlement in open court was neither an antenuptial agreement entered into in an atmosphere of mutual trust and confidence, Del Vecchio, supra at 21, nor was it a property settlement agreement trustingly entered into without benefit of counsel. Baker, supra at 468. Instead, it was a stipulated settlement upon advice of separate counsel and after searching voir dire of the wife. As Del Vecchio noted:
The questions of whether she had some understanding of her rights and had or reasonably should have had a general and approximate knowledge of her future husband's property are matters of fact to be determined by the chancellor upon the evidence and his finding thereon will not lightly be disturbed. Id. at 20. [Emphasis supplied.]
Our own research of this problem has led us with approval to the case of In re the Marriage of Stevenot, 154 Cal. App.3d 1051, 202 Cal. Rptr. 116 (Cal.Ct.App. 1984). As Stevenot perceives it, any confidential relationship or reliance upon trust and confidence is extinguished when the husband and wife separate (or file a petition for dissolution) if each has separate counsel. Thereafter, the parties deal with each other at arms length and each is responsible for his or her own conduct which affects the outcome absent allegations of fraud.
The wife's cries of fraud and foul in the case now before us, center on the inadequacies and improprieties of her own counsel and no allegations of fraud are aimed at her husband. For these alleged professional shortcomings of her lawyer, if they be accurate, the husband cannot be held accountable unless there is evidence of his collusion with her counsel. There is none such.
AFFIRMED.
DELL, J., concurs.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting.
For the reasons set forth in this court's earlier opinion, see Fleming v. Fleming, 9 F.L.W. 1723 (Fla. 4th DCA Aug. 8, 1984), I would deny the husband's petition for rehearing.