## IN RE: THE MARRIAGE OF BEBBER

Case No. 87-819-FR-01

Nineteenth Judicial Circuit, St. Lucie County

February 1, 1988

### APPEARANCES OF COUNSEL

**John Edgar Sherrard** for wife.

**Robert J. Gorman** for husband.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

*ORDER ON WIFE'S VERIFIED MOTION TO SET ASIDE DEFAULT*

*AND LEAVE TO FILE ANSWER AND COUNTER PETITION*

THIS MATTER came on for hearing upon the Respondent/Wife's

Verified Motion to Set Aside Default and Leave to File Answer and Counterpetition for Dissolution of Marriage and Other Relief, and the Court having heard the testimony of both parties and other witnesses, and having reviewed documentary exhibits, and having considered the authorities submitted by counsel for each party, makes the following findings of fact and conclusions of law:

A. The marriage between the parties is of twenty years duration and has produced two minor children, eight and five years of age.

B. The Husband is a bank executive of considerable financial sophistication who earns approximately $54,000.00 per year, excluding bonuses.

C. The Wife, a high school graduate, prior to the separation of the parties, has been employed primarily as a homemaker.

D. The Husband originally filed for divorce on July 30, 1987 but the parties subsequently reconciled and lived together for a period of approximately five months until the Husband left the marital domicile. Prior to finally leaving in December of 1987, the Husband, on September 3, 1987, obtained a Default and on September 4, 1987, the Husband obtained the Wife's signature on a Property Settlement Agreement that provided the Wife with $200.00 per month per child as child support and a one-half interest in the marital residence. The Agreement provided the Husband would retain an I.R.A. account and other assets worth approximately $42,000.00, and the Husband would also receive a one-half interest in the marital residence. The Agreement, which gives the Wife no alimony, provides for equal division of the sale proceeds derived from the sale of the marital residence upon its sale when the minor children reach their majority.

E. It is unrebutted that the Wife sought to reconcile with her Husband throughout the entire period after the filing of the Petition for Dissolution of Marriage, and that after the Separation Agreement was signed, the parties did, in fact, live together until, in December of 1987, the Husband instructed his attorney to set the divorce action for final hearing. Thereafter, the Wife did obtain an attorney and on January 19, 1988, filed the instant Motion.

F. It is, of course, axiomatic that the policy of the law favors full hearings on the merits. Thus, it has been long established that Florida Courts exercise liberality in setting aside defaults in order to insure a full and fair resolution of cases on the merits *(Kern v. Kern,* 291 So.2d 211, (Fla. 4th DCA, 1974)).

G. It is also true that property settlements can be tainted by

16

coercion, over-reaching, inequity, or grossly disproportionate benefit to one party or the other.

H. In this case there is evidence that the Husband did threaten to expose an extra marital affair of the Wife if she did not accede to the property settlement, which, if proven, could constitute duress. *(Paris v. Paris,* 412 So.2d 952 (Fla. 1st DCA, 1982)).

I. The evidence further reveals that the Wife was unrepresented by an attorney at the time of execution of the Property Settlement Agreement and that the Property Settlement was drafted by the Husband's attorney and it appears facially to provide a disproportionate benefit to the Husband. *Kerns v. Kerns,* 409 So.2d 137 (Fla. 4th DCA 1982), and *Fleming v. Fleming,* 408 So.2d 238 (Fla. 4th DCA 1982). This conclusion is further buttressed by the gross disparity in the parties' bargaining positions, education, and the Wife's lack of competent legal advice. *(Casto v. Casto,* 458 So.2d 290 (Fla. 4th DCA 1984)).

J. Finally, the Property Settlement Agreement provides on its face for child support in the amount of $400.00 per month for two minor children, and the Court has not been provided with completed Child Support Guideline Sheets in order to determine the relative ability and adequate levels of child support. Whatever might be said for the rights of the parties, it is the Court's responsibility to review any proposed dissolution to ensure that the best interest of the minor children are protected. Thus, either parent may not impair, by contract, the obligation the law casts upon them to support their children. (See generally *Essex v. Ayres,* 503 So.2d 1365 (Fla. 3d DCA 1985) and *Bernstein v. Bernstein,* 498 So.2d 1270, 1273 (Fla. 4th DCA 1986)).

K. This Court, of course, expresses no view on the ultimate resolution of the issues in this cause, but finds that there has been a showing of excusable neglect and a meritorious defense by the Wife (Trawick, *Fla. Practice and Procedures Section* 25-3).

Based upon the foregoing findings of facts and authorities, it is thereupon

ORDERED AND ADJUDGED that the Wife's Motion is hereby granted and the Default entered in this cause on September 3, 1987 is hereby set aside, and the Wife is granted leave to file her Answer and Counterpetition for Dissolution of Marriage and Other Relief which shall be filed in this cause within ten days from the entry of this Order.

DONE AND ORDERED this 1st day of February, 1988, at Fort Pierce, St. Lucie County, Florida.