PER CURIAM.
We sua, sponte withdraw our earlier opinion and substitute the following corrected opinion in its stead:
This is the appeal of a final judgment of dissolution of marriage. The marriage was of short duration, there are few assets, some debt and the parties’ incomes are modest. The parties have one child, aged 2.
In the court below, the wife had counsel; the husband represented himself. He failed to pay court-awarded temporary support, quit his job and failed to appear on the scheduled trial date. A hearing was held and a final judgment of dissolution entered. The husband was subsequently apprehended and found in contempt for failing to meet his support obligations. Husband has now hired counsel and appealed the final judgment. He raises several issues, mostly dealing with defects in the final judgment, which the record reflects was drafted by counsel for the wife.[1] Because the final judgment is defective in several respects and because this court is committed to reversing deficient judgments in dissolution cases, even if there is no objection below or on appeal,[2] we reverse.
The following are the defects that must be corrected: (1) an award of sole parental responsibility requires a “best interests” finding, Braman v. Braman, 602 So.2d 682 (Fla. 2d DCA 1992); (2) if there is any basis to award the husband all marital debts, it must be supported by findings, Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993); (3) the obligation to provide health insurance must be capped in the final judgment, Young v. Young, 600 So.2d 1140 (Fla. 5th DCA), rev. denied, 613 So.2d 13 (Fla.1992); (4) there is no basis in the final judgment for the attorney’s fees awarded;[3] and (5) the basis for the amount of child support awarded is unclear, but it appears to deviate from the guidelines and, if so, must be supported by written findings. Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993).[4]
REVERSED and REMANDED.
DAUKSCH, COBB and GRIFFIN, JJ., concur.

. On appeal, there has been no appearance for the wife.

. Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993).

. Given that no objection was made to the proof offered at trial, the lower court may need to conduct a hearing on fees in order to prepare a proper order.

.If wife’s counsel has already charged his client for drafting and obtaining entry of a proper final judgment, no additional fees for this purpose should be necessary.