PER CURIAM.
Daniel Hauser appeals a final judgment of dissolution of marriage awarding his wife permanent periodic alimony after only a ten year marriage. He further challenges the amounts awarded for alimony and child support, claiming that the combined amount is grossly excessive. Under the special circumstances of this case we find that the trial court did not abuse its discretion, and affirm.
The husband is a forty-three year old doctor, board certified in internal and emergency medicine. The wife is a thirty-five year old registered nurse employed on only a part-time basis. The parties have two minor children, nine and six years old at the time of the divorce. Their younger son is significantly retarded and has required constant supervision and specialized therapy from infancy. At six years old he is still not toilet trained, cannot dress himself, and is always in danger of injuring himself and others. His older brother, although not retarded, also requires therapy to modify his behavior and adjust appropriately to his surroundings.
As the primary residential custodian, the wife has the responsibility to care for the children and provide for their special needs. As a result, she is unable to work full time and is left with a net monthly income of only $869.00. The husband, whose earnings have increased annually from $138,000 in 1982 to approximately $218,000 in 1992, has a net monthly income of $11,000. An award of permanent periodic alimony in the amount of $3,000.00 per month is not unreasonable based on the evidence presented in the trial court. See Weeks v. Weeks, 363 So.2d 602 (Fla. 4th DCA 1978) (failure to award permanent alimony reversed when problems of children made it almost impossible for wife to work full time).
The award of child support of $2,500.00 per child per month is likewise supported by the evidence. Although the husband’s economic status is significantly affected by the obligations imposed by the court, we do not find that he is left “with practically no money to support himself.” Gentile v. Gentile, 565 So.2d 820, 822 (Fla. 4th DCA 1990). Thus, unlike the award reversed by the court in Gentile, this award is properly within the discretion of the court.
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the “reasonableness” test to determine whether the trial judge abused his discretion. If reasonable men could differ as the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
Lastly, the husband challenges the trial court’s order that he maintain his current life insurance policy naming the wife as irrevocable beneficiary, to secure the payment of alimony and child support. To the extent that the order could be interpreted as requiring the husband to support the children after they attain majority or are otherwise capable of self-support, or to confer a benefit on the wife in addition to her right to alimony, the order should be modified.
On all points raised by the wife in her cross-appeal, we affirm.
AFFIRMED IN PART, REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
WARNER and PARIENTE, JJ., and SMITH, FREDRICKA G., Associate Judge, concur.