648 So.2d 1211 (1995)
Jimmie A. PAUL, Appellant,
v.
Frances L. PAUL, Appellee.
No. 94-267.
District Court of Appeal of Florida, Fifth District.
January 13, 1995.
*1212 Rhoda Bess Goodson of Kennedy, Fuller & Goodson, South Daytona, for appellant.
Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellee.
W. SHARP, Judge.
Jimmie Paul appeals from a 1994 final judgment of dissolution. He argues there was an inequitable distribution of marital assets, that he should not be required, as a part of the equitable distribution, to pay an unspecified amount for Frances Paul's (his former wife's) medical insurance premiums and uncovered medical expenses, and that the trial court erred in requiring him to pay Frances permanent periodic alimony of $50.00 per week. We agree with Jimmie on the latter two points and we remand for further proceedings.
The record in this case establishes, and the trial court so found,[1] that this was a traditional, long-term marriage.[2] Frances "largely remained at home, raised the [4] children, and performed all the customary and usual homemaking services, while the husband worked outside the home earning money to support the financial requirements of the family. In order to accomplish this purpose, the husband was a long-term employee of Delta Airlines, Inc. and throughout his entire working career with this corporation, the parties remained married."
The trial court concluded that the parties' marital assets should be equally divided. The final judgment set aside to Frances various properties she had received from her parents (now deceased) by way of gifts and inheritance, as her nonmarital assets. The marital assets were split as equally as the court could manage.
The parties' most valuable marital asset was Jimmie's bundle of rights and benefits stemming from Delta's pension package. The trial court split the monthly periodic cash payment received from Delta equally between the parties by way of a Qualified Domestic Relations Order ($945.00 for each). The court further sought to compensate Frances for one-half of the value of the comprehensive dental and health insurance benefits and right to fly without charge on Delta, which Jimmie would continue to receive after the dissolution as part of his pension benefits. The court ordered Jimmie to pay one-half:
[O]f all reasonable dental and health insurance expenses of the Wife for a health insurance plan comparable to that which has been received by the Husband and in addition thereto, one-half of all reasonable medical and dental bills of the Wife not covered by these policies of insurance in excess of the deductible amount applicable to the Husband's insurance.
The court said this was for purposes of equitable distribution, as well as support.
Equitable distribution of the parties' marital assets is the first order of business *1213 in a dissolution case.[3] Only after that is accomplished, can the relative post-dissolution financial situations of the parties be ascertained and compared, and the need of one party for additional support and the ability of the other to pay it, be determined. Even if this award is viewed purely as one for support, this court has held in a number of cases that the trial judge must set a specific dollar amount for medical insurance premiums and uncovered medical expenses. See Kaminski v. Kaminski, 637 So.2d 284 (Fla. 4th DCA 1994); Rogers v. Rogers, 632 So.2d 621 (Fla. 5th DCA 1994); Young v. Young, 600 So.2d 1140 (Fla. 5th DCA 1992); Szemborski v. Szemborski, 530 So.2d 361 (Fla. 5th DCA 1988).
On remand, the court should first view the split of the dental/medical insurance pension benefit as part of the fifty percent equitable distribution of marital assets. It should arrive at a valuation of those benefits by ascertaining the cost of a comparable policy, if Jimmie had to procure it for himself out in the private insurance world. One-half of that would be Frances' share of his pension benefit. Any additional required contribution towards Frances' uncovered medical/dental expenses or a higher-cost policy should be awarded only if justified as support or alimony. It likewise should be capped at a specific dollar amount.
Whether the trial court should have ordered Jimmie to pay Frances any sums as permanent alimony is a question we cannot determine because the judgment under review lacks sufficient fact-findings required by section 61.08 to justify the award.[4] Frances testified she is a diabetic, and has had a heart attack. Her costs for prescriptions and doctor visits are $200 per month. She estimated she could buy medical insurance coverage which would exclude her diabetes for $250 per month, and coverage which included her diabetes, for $1,100 per month. There was also testimony that Jimmie voluntarily retired from Delta Airlines without telling Frances, and intentionally made no provision for her continuing health coverage or COBRA coverage.
However, based on the post-dissolution incomes of both parties, it appears from this record that Frances will have an income of $2,914.00 per month, and Jimmie will have $1,340.00 per month, without any addition or subtraction for medical insurance payment to Frances by way of equitable distribution of the Delta pension or alimony. It is not clear to us why the trial court found that Frances needs periodic alimony and Jimmie has the ability to meet her needs, to the extent of $50 per week, plus a possible specific amount for medical expenses or cost of coverage.
Jimmie testified he voluntarily retired from Delta at age 57, and gave up a monthly salary of $3,200.00 in addition to health, dental and life insurance benefits. He also testified that he enjoys relatively good health, but that he has not looked for other employment since his retirement. Rather, he remodeled and repaired a house the parties sold, and was working on a duplex he obtained as his share of the marital assets. He testified he thought he had increased the value of the duplex by $10,000.00 during the prior few months. However, there was no evidence of Jimmie's costs in providing this service.
Based on this evidence, the trial court found Jimmie:
[I]s skilled at various home building and remodeling services, and in fact those services resulted in financial gain of approximately $10,000 for a three month period of employment shortly preceding the trial of this action.
The trial court also noted:
[T]he Husband voluntarily quit working or retired from his position from Delta Airlines, Inc. without prior notice to the Wife, he testified that if he had remained employed he would have continuing substantial income.
The alimony award could theoretically be based on a finding that Jimmie's early retirement was unreasonable, and placed Frances *1214 in a position of economic peril. See Pimm v. Pimm, 601 So.2d 534 (Fla. 1992). The court also could have imputed income to Jimmie which he has the present ability to earn, although no amount was specified. Absent such findings made by the trial court to support an alimony award in this case, we cannot sensibly review this portion of the dissolution judgment. See Strickland v. Strickland, 639 So.2d 149 (Fla. 5th DCA 1994).
Accordingly, we affirm that portion of the dissolution judgment pertaining to equitable distribution of marital assets and nonmarital assets, but we reverse the provisions relating to medical insurance premiums and medical expenses, and alimony, and remand to the trial court for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS, C.J., and GRIFFIN, J., concur.
NOTES
[1] § 61.075, Fla. Stat. (1991).
[2] The parties were married in 1955.
[3] § 61.075, Fla. Stat. (1991).
[4] Kaminski v. Kaminski, 637 So.2d 284 (Fla. 5th DCA 1994); Woodard v. Woodard, 634 So.2d 782 (Fla. 5th DCA 1994); Brown v. Brown, 626 So.2d 1121 (Fla. 5th DCA 1993); Moreno v. Moreno, 606 So.2d 1280 (Fla. 5th DCA 1992).