I2FOIL, Judge.
This appeal challenges the trial court’s action in dismissing a third party demand pursuant to a motion for summary judgment. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
The facts in this litigation are not in dispute. John Tillman Sr. and his wife filed a tort action against Mr. Tillman’s employer, Superior Fabricators, Inc. and Superior’s executive officers (hereinafter collectively referred to as “Superior”). Mr. Tillman alleged that his exposure to toxic fibers and dust at his workplace caused him to contract silicosis. He averred that Superior and its executive officers knew with substantial certainty that he would contract silicosis as a result of their negligent conduct in failing to provide him with adequate protective equipment to perform his job. Mr. Tillman also sued a host of silica sand manufacturers and suppliers and companies providing Superior with safety gear.
Superior filed third party demands against numerous insurers which issued Comprehensive General Liability (CGL) and Employer’s Liability (EL) policies of insurance to Superi- or, demanding that the insurers provide it with a defense on the Tillman claims and indemnify Superior for its liability on those claims.
The Tillman ease was ultimately settled, and the insurers paid their proportionate share of the $170,000.00 settlement, as well as their share of the costs incurred in defending Superior in the underlying tort litigation. At issue in this appeal is the refusal of one insurer to pay a share of the costs incurred by Superior in establishing coverage of the CGL and EL policies on the Tillman claims.
Sentry Insurance Company is the only insurer which issued both CGL and EL policies to Superior. Sentry paid its proportionate share of the settlement and its share of the cost of the defense on the Tillman claims. However, Sentry refused to pay for any portion of the costs incurred by Superi- or in establishing coverage under the CGL and EL policies of insurance. Sentry filed a motion for summary judgment in the trial court, arguing that ^Louisiana law precluded an insured from recovering attorney’s fees incurred in establishing coverage from an insurer. Superior filed its own motion for a partial summary judgment, arguing that it was not attempting to recover the costs of attorney’s fees incurred in establishing coverage under the Sentry policies, but was attempting to recover, as part of Sentry’s obligation to defend its insured, those costs incurred by Superior in establishing coverage under the other liability policies issued to Superior.
Upon reviewing the evidence and the law, the trial court denied Superior’s motion for summary judgment, granted Sentry’s motion for summary judgment and dismissed the reimbursement claim. This appeal followed.
DISCUSSION
A summary judgment may be granted only when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. The parties to this appeal agree that there is no genuine issue of material fact that would preclude a court from grant *120 ing summary judgment in favor of either of the movers. The only issue before this court is whether, under Louisiana law, an insured may recover attorney’s fees and costs incurred in establishing coverage under policies of insurance identical to the policies issued by the insurer from whom such reimbursement is sought. We conclude that it may not.
It is well settled that attorney’s fees may be awarded only when authorized by contract or statute. Steptore v. Masco Construction Co., Inc., 93-2064 (La. 8/18/94); 648 So.2d 1213, 1218. In Steptore v. Masco Construction Co., Inc., Id., the Louisiana Supreme Court was faced with the issue of whether an insurer was obligated to pay attorney’s fees incurred by an insured in pursuit of a coverage issue. The Court looked to the language of the contract, finding that the insurer’s obligation to defend its insured did not encompass the insured’s efforts to establish coverage. Nor did the Court findUany statutory provision for attorney’s fees in that instance. In holding that the insured was not entitled to attorney’s fees incurred in establishing coverage, the Court in Steptore relied on the well established principle that if an insured hires an attorney to represent him in coverage disputes, he will have to bear those costs himself. Id. at 1218.
Superior admits that if it incurred attorney’s fees in attempting to establish coverage under Sentry’s policies of insurance, Steptore would foreclose it from recovering those costs from Sentry. However, Superior attempts to remove this case from the well-established principles of law set forth in Steptore by arguing that it is not attempting to recover attorney’s fees incurred in establishing coverage under the Sentry policies, but is instead attempting to recover those costs incurred in establishing that the other third party defendant insurers’ policies provided coverage. Superior insists that costs incurred in seeking and establishing coverage by the other insurers were costs incurred in its defense and therefore those costs fall under Sentry’s obligation to defend its insured. It also urges that its attempt to establish coverage under the other insurance policies actually “benefited” Sentry by enlarging the pool of accountable insurers, and because Sentry received this “benefit,” it should be held responsible for a portion of the attorney’s fees incurred by Superior in establishing that coverage.
The fallacy in these arguments is unmistakably clear. First, when Superior sought to establish that the “other insurers” provided coverage, it was also establishing coverage under the identical Sentry CGL and EL policies, and its attempt to remove this case from the effect of Steptore on this basis is simply untenable. Secondly, it can hardly be said that Superior’s success in establishing coverage under the CGL and EL policies issued by the “other insurers” in any way benefited Sentry because Sentry was the only insurer to issue both CGL and EL policies to Superior.
Furthermore, the effort of an insured to establish coverage under other policies of insurance does not fall within the scope of an insurer’s duty to defend its insured. Sentry was obligated to provide its insureds with a defense |gon claims against the insureds within the scope of the policies. The insurer’s duty to defend suits brought against its insured is determined by the allegation of the plaintiff’s petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Steptore v. Masco Construction Co., Inc., Id. We do not believe an insurer’s obligation to defend its insured includes the insured’s attempt to establish coverage under identical policies of insurance issued by other insurers since such action necessarily implicates coverage of the insurer’s policies of insurance.
For these reasons, we find no legitimate basis on which to distinguish this case from the principles of law set forth in Steptore. We hold as a matter of law, an insured may not recover attorney’s fees incurred in establishing coverage under CGL and EL policies from a CGL and EL insurer. Accordingly, we find that the trial court correctly granted Sentry’s motion for summary judgment.
*121 CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellants.
AFFIRMED.