W. SHARP, Judge,
dissenting.
I respectfully dissent from the majority opinion’s conclusion as a matter of law that the trial court abused its discretion in awarding the former wife permanent alimony in this case. I would have remanded this cause to the trial court for the purpose of recalculating the amounts of alimony and child support the former husband is required to pay because of the past due tax liabilities he is paying under force of a federal lien.
The findings of the trial judge appear to me to be adequate to justify an award of permanent, or at least temporary alimony in this case. He made the following findings:
1. The parties were married on March 20, 1982, and separated on December 1, 1993, and had been married at the time of the dissolution decree for 13 years;
2. The parties had one minor child, born April 13,1988;
3. The former husband earns in excess of $104,000.00 per year and the former wife was earning $18,000.00 per year;
4. “The husband obtained advanced college degrees (including a masters degree in business administration and a *1239 juris doctor) during the marriage of the parties, but also during the marriage the wife delayed her own educational advancement so the husband could pursue his educational goal, thus placing the husband in a superior position as far as the ability to earn income is concerned;”
5. “The Court has considered the requirements of Chapter 61.08(3) concerning the eligibility of the wife for rehabilitative alimony or permanent alimony and the Court finding [sic] that the length of the marriage, more than eleven (11) years, prior to the parties’ separation, the standard of living established during the marriage of the husband’s income exceeding $60,000 per year, at the time the husband’s far superior educational level and thus his far superior ability to earn income, the wife’s sporadic income production during the marriage in order for the husband to improve his educational level as well as for the wife to care for the minor child of the parties, the court determines the wife has not met her burden to prove her need for rehabilitative alimony, but rather has met her burden for the award of permanent alimony, ...”
The trial court did not make express fact findings as to some of the factors listed in section 61.08; i.e., age and physical condition of each party, the financial resources of each party, nonmarital and marital assets and liabilities distributed to each, and all sources of income available to either party. However, if that is the problem or defect with this judgment, we should remand to permit the trial judge to make those findings, as has become our custom in the recent past.[1]
The record on appeal, if read in the light of sustaining the trial judge as we must do,[2] contains sufficient evidence to justify findings on those grounds. The parties were both 21 years old at the time of their marriage, and 34 years old at the time of their dissolution. Both were in good health. The former wife did not have a college degree. When the parties married she had an LPN degree, but she never was employed in that field. She worked sporadically during the marriage as a waitress, as a clerk, as a nursing personnel staffer/recruiter, and as a pharmaceutical salesperson. Sometimes she held two part time jobs at once to contribute to the support of the family. At one time she tried to go back to school to get a college degree, but found it impossible to do so, care for the parties’ young son, and juggle a part time job. She had always been the child’s primary care giver.
The most she was ever able to earn during the parties’ marriage was $20,000.00 a year as a pharmaceutical sales person. But she also testified that was the maximum amount she could ever expect to earn because she lacked a college degree and because of the necessity to not work full time so that she could care for the parties’ child. She testified that in order to advance in that field she would have to have a college degree in business. That would take her three years to accomplish, going full time, and would cost her $24,000.00. She testified she would like to pursue that degree, but financially it was presently impossible.
In contrast, although the former husband had an engineering degree when the parities married, he was able to earn an advanced degree in electric engineering, a masters in business administration and a law degree during the marriage. During this time, the former wife worked as much as she could to support the family. His educational and career moves required them to move from city to city and state to state. She put his career and education ahead of her own, and subordinated hers.
At the time of the dissolution, there were very few marital assets to divide between the parties, perhaps due to the fact that they had moved frequently and had concentrated on improving the former husband’s career and education. Aside from the two cars, personal *1240 belongings, and some furniture, there were no liquid assets which might have provided the former wife a capital cushion or source of additional income. The parties’ marital home had almost little or no equity in it, and the court recognized neither could afford to keep it and live in it.
Based on the Canakaris[3] standard of appellate review, I think this court should have affirmed the trial court’s award of permanent alimony in this case. Would no reasonable trial judge have made such an award? This was not a short-term marriage,[4] there was a young child, the former wife contributed significantly to the husband’s education and career, she had always assumed the primary care of their child, there were no substantial marital assets to divide, and most likely the former wife will never be able to earn a sufficient amount of income to even approximate the parties’ former $60,000.00 a year marital standard of living.[5] In Oxley v. Oxley, 695 So.2d 364 (Fla. 4th DCA 1997), the court held in a similar case[6] that the trial court erred because it did not award permanent alimony.
I submit that the two factors cited by the majority opinion — age of the former wife, plus the fact that she can earn a modest amount of income — do not ipso facto disqualify her from eligibility for any kind of an alimony award. That appears to be the ruling of the majority opinion. I view it as a conflict with Oxley. See also Hamlet v. Hamlet, 583 So.2d 654 (Fla.1991); Rojas v. Rojas, 656 So.2d 563 (Fla. 3d DCA 1995); Hauser v. Hauser, 644 So.2d 554 (Fla. 4th DCA 1994); Childers v. Childers, 640 So.2d 108 (Fla. 4th DCA 1994); Zeigler v. Zeigler, 635 So.2d 50 (Fla. 1st DCA 1994); Gregoire v. Gregoire, 615 So.2d 694 (Fla. 2d DCA 1992); O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982); Patrick v. Patrick, 399 So.2d 72 (Fla. 5th DCA 1981).
In reviewing this final judgment there is one determination with which I disagree and probably would have remanded for reconsideration by the trial court. That is the trial court’s determination that the federal tax liabilities for prior years (approximately $30,-000.00 at the time of the final hearing), that were being deducted from the former husband’s salary at the rate of $1,800.00 per month (due to having had a federal tax hen filed against him) should not be considered in arriving at a net income figure for him. The past federal taxes arose out of the former husband’s attempt to operate a sole practitioner law practice and related to his business operations. Since the former wife did not know about the failure to pay taxes and she was not involved in his business operations, it was within the trial court’s discretion to place on the former husband the total responsibility to pay them. See Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 465 (Fla.1982).
However, repayment of the past due federal tax obligations was and is not voluntary on the former husband’s part. Compare Nelson v. Nelson, 651 So.2d 1252 (Fla. 1st DCA 1995). In my view, they should have been plugged into the former husband’s child support obligation, pursuant to the guidelines, either by treating the periodic lien payments as valid deductions from gross income to reach his net income, or as grounds to deviate downward from the guidelines amount. The trial court in this case refused to consider them on either ground, and its calculations of the former husband’s child support obligation assumes that the $1,115.77 ordered by the final judgment is within the 5% allowed deviation from the guidelines amount.
*1241 I would remand to the trial court to reconsider this issue, and either recalculate the guidelines amount, treating the tax payments as deductible to reach the former husband’s net income, or if the trial court elects to deviate from that amount, to provide reasons for the deviation beyond the 5% range. See Rogers v. Rogers, 632 So.2d 621 (Fla. 5th DCA 1994); Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993). On remand, the trial court should also have been authorized to reconsider the amount of permanent alimony awarded to the former wife, for the same reasons.

. See Brock v. Brock, 690 So.2d 737 (Fla. 5th DCA 1997); Schellhammer v. Schellhammer, 687 So.2d 987 (Fla. 5th DCA 1997); Rausch v. Rausch, 680 So.2d 624 (Fla. 5th DCA 1996).

. Casto v. Casto, 458 So.2d 290 (Fla. 4th DCA 1984), approved, 508 So.2d 330 (Fla.1987).

. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).

. See Zeigler v. Zeigler, 635 So.2d 50 (Fla. 1st DCA 1994) (holding that a 13.5 year marriage was neither long or short term, and fell within the area where determination of entitlement to permanent periodic or alimony would be decided upon review of other pertinent factors without benefit of presumption in favor or against an award of permanent alimony).

. See Anciaux v. Anciaux, 666 So.2d 577 (Fla. 2d DCA 1996) (error not to award permanent alimony in a 13-year marriage where former wife’s ability to earn income was one-third of the former husband's).

. Oxley involved a 12-year marriage; the former wife was age 32, the parties had 2 young children, and the wife's last job was as a waitress.